## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **WILLIE McNAIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 2:06-cv-00695-WKW-SRW** |
| **RICHARD ALLEN, Commissioner,** | ) | |
| **Alabama Department of Corrections,** | ) | |
| **And GRANTT CULLIVER, Warden,** | ) | |
| **Holman Correctional Facility** | ) | |
| | ) | |
| **Defendants.** | ) | |

# DEFENDANTS' ANSWER
# AND COUNTER-CLAIM FOR DECLARATORY JUDGMENT

Defendants, Richard Allen, in his official capacity as Commissioner of the Alabama Department of Corrections, and Grantt Culliver, in his official capacity as Warden of the Holman Correctional Facility, for their answer to the plaintiff's complaint and for their counter-claim against the plaintiff / counter-defendant Willie McNair, and against additional counter-defendant James Harvey Callahan, whose joinder is sought by separate motion, state as follows:

### ANSWER

### Response to Numbered Paragraphs

1.      Defendants admit that plaintiff is an individual in the custody of the Alabama Department of Corrections and is currently incarcerated on death row at William C. Holman Prison in Atmore, Escambia County, Alabama.  Defendants further admit that plaintiff purports to make a claim under 42 U.S.C. § 1983.  Defendants deny any remaining allegation in paragraph 1 of the complaint.

2.      Defendants do not contest subject-matter jurisdiction or jurisdiction over the person, to the extent plaintiff's claims are not barred by sovereign immunity.

3.      Defendants do not contest venue but point out that 28 U.S.C. § 1393 has been repealed.

4.      Admitted.

5.      Defendants admit that Richard Allen is the Commissioner of the Alabama Department of Corrections and that Grantt Culliver is the Warden of the Holman Correctional Facility in Atmore, Alabama.  Defendants deny any remaining allegation in paragraph 5, deny that plaintiff has stated a claim against the Defendants in their individual capacity, and deny that plaintiff may sue fictitious parties in this Court.

6.      Admitted.

7.      Defendants admit that the Department of Corrections carries out executions. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and deny the allegations of paragraph 7.  Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

8.      Admitted.

9.      Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 9.   Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes

a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights.  Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

10.    Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 10.   Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights.  Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

11.    Denied.

12.    Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 12.   Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any

party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

13. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 13. Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

14. Denied.

15. Denied.

16. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 16. Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a

4

medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

17.     Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 17.   Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights.  Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

18.     Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 18.   Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights.  Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

19. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 19. Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

20. Defendants cannot at this time (before entry of an appropriate protective order) admit or deny, in a public document, any detail concerning Alabama's Confidential Execution Procedures Protocol, and denies the allegations of paragraph 20. Defendants specifically deny that Alabama's method for carrying out a sentence of death by lethal injections causes or exposes a condemned person to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering, and defendants deny that lethal injection as administered in Alabama violates any party's constitutional rights. Defendants further deny that execution by lethal injection is a medical procedure requiring the same safeguards and oversight as such procedures, and deny that execution by lethal injection is governed by rules and regulations applying to medical procedures.

### Additional Defenses

1. Plaintiff has failed to state a claim on which relief may be granted.

2. Executions are not medical procedures. Executions do not require the same care,

regulation, monitoring or precautions as a medical or surgical procedure after which one is expected to regain consciousness and recover.

      3.      Plaintiff's claims are barred by sovereign immunity.

      4.      Plaintiff's claims are barred by waiver and estoppel.

      5.      Plaintiff's claims are barred by res judicata.

      6.      Plaintiff has unclean hands.

      7.      Plaintiff's claims are barred by laches and applicable statutes of limitation.

      8.      Plaintiff is not entitled to the relief he seeks.

      9.      Plaintiff is not a prevailing party and is not entitled to attorneys' fees.

      10.      The special circumstances of this case would make an attorneys' fee award to the plaintiff unjust.

      11.      The policy rationale supporting the *Rooker-Feldman* doctrine bars plaintiff's claims insofar as plaintiffs seek to overturn the judgment of the State court.

      12.      Plaintiff seeks an improper review by this Court of an adverse ruling in the state courts of Alabama.

      13.      Plaintiff has failed to join one or more indispensable parties.

      14.      Plaintiff's claims are not ripe.

      15.      Plaintiff cannot prove any conceivable set of facts entitling him to relief as against the Defendants in their individual capacity.

      16.      Alabama's Confidential Execution Protocol does not call for the use of excessive force, sadistic acts, or malicious intent.

17.    Alabama's Confidential Execution Protocol does not violate basic principles of human dignity or contemporary standards of decency and is not repugnant to the conscience of mankind.

18.    Alabama's Confidential Execution Protocol does not amount to intentional, reckless indifference to acts violating any party's constitutional rights.

19.    Any interest the plaintiff has in pursuing his claim is outweighed by the State's interest in the finality of duly adjudicated criminal judgments, the timely administration of death sentences, guarding against a flood of similar claims, and ensuring closure for victims and survivors.

## COUNTER-CLAIM

Counter-Plaintiffs, Richard F. Allen in his capacity of Commissioner for the Department of Corrections for the State of Alabama, and Grantt Culliver in his capacity of Warden of William C. Holman Prison in Atmore, Alabama, for their Counter-claim for Declaratory Judgment against the Counter-Defendants, Willie McNair and James Harvey Callahan, state as follows:

1.    This action in counter-claim is one for Declaratory Judgment and is brought pursuant to 28 U.S.C. §§ 2201-2202, Rule 57 of the Federal Rules of Civil Procedure, and any other applicable provision governing such actions.

2.    As set forth herein, Counter-Plaintiffs seek an order declaring that the confidential protocol for capital punishment by lethal injection as written and adopted by the State of Alabama does not and will not subject the Counter-defendants, prisoners on Alabama's death row, to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain or suffering. Plaintiffs also seek a judgment declaring that the said protocol is not in violation of the

defendant's rights under the Eighth or Fourteenth Amendments to the United States Constitution.

## Parties

3.      Counter-defendant Willie McNair ("McNair"), the original claimant in this action, is an individual in the custody of the Alabama Department of Corrections and is currently incarcerated on death row at William C. Holman Prison in Atmore, Escambia County, Alabama.

4.      Counter-defendant James Harvey Callahan ("Callahan") is an individual in the custody of the Alabama Department of Corrections and is currently incarcerated on death row at William C. Holman Prison in Atmore, Escambia County, Alabama.  The Counter-plaintiffs have filed a separate motion to join Callahan as a counter-defendant pursuant to rules 13(h), 19, and 20 of the Federal Rules of Civil Procedure.

5.      Counter-plaintiff Richard F. Allen ("Commissioner") is the Commissioner of the Alabama Department of Corrections and brings this counter-claim in his official capacity.  The Department of Corrections for the State of Alabama ("the Department") is the state agency with custody of the Defendant and is charged with carrying out executions in Alabama.

6.      Counter-plaintiff Grantt Culliver ("Warden") is the Warden of William C. Holman Prison where the Counter-defendants are incarcerated and brings this counter-claim in his official capacity.

## Jurisdiction and Venue

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.  This action arises under the Constitution and laws of the United States and seeks a declaration of rights under the 8th and 14th Amendments to the United States Constitution.  This action is so related to claims in the original plaintiff's complaint, which are within the Court's original jurisdiction, that the original claims and this counter-claim for

declaratory judgment form part of the same case or controversy under Article III of the United States Constitution.

8.     This Court has personal jurisdiction over the Counter-defendants, individuals incarcerated in the William C. Holman Prison in Atmore, Alabama, and who were convicted of capital crimes in the Alabama state courts.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  *See* original Plaintiff's Complaint, ¶ 3.

## Justiciable Case or Controversy

10.     There is a real and justiciable case or controversy between the parties.

11.     Counter-defendants were duly convicted of capital crimes in the state courts of Alabama, have been sentenced to death, and have been issued certificates of judgment.

12.     The Alabama Department of Corrections has adopted a written and confidential execution protocol for administering capital punishment by lethal injection ("the Protocol").

13.     In *Hill v. McDonough*, __ U.S. __, 2006 WL 1584710, at *1-9 (June 12, 2006), the United States Supreme Court recently held that a challenge to a state's manner of implementing lethal injection to execute a death sentence is properly raised as a civil rights action under Title 42 U.S.C. § 1983.  The claim asserted by counter-defendant McNair in this action purports to be such a claim.  This civil action under Section 1983 may be raised even after a death row inmate has exhausted his avenues for habeas relief under Section 2254.  *Id.* Although Counter-plaintiffs believe that *Hill* was wrongly decided and is bad public policy, they of course recognize it as current law.

14.     In *Hill*, the Supreme Court acknowledged the rights of "[b]oth the State and the victims of crime" to the timely enforcement of a death sentence.  *Id.* at *8.  Furthermore, the

Court emphasized that the State should be protected from "dilatory or speculative suits" filed by death row inmates in the attempt to delay the execution of their death sentence. *Id.* Thus, the Supreme Court recognized that a stay of execution is not granted "as a matter of right" so that convicted murderers may litigate Section 1983 cases. *Id.* Accordingly, the Supreme Court admonished courts to consider several factors before staying an execution date for a Section 1983 claim to be litigated. The two primary considerations are 1) the "possibility of success on the merits" and 2) whether the claim "could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Id.*

15.     As recognized in *Hill*, the State has strong interests in the finality of duly adjudicated criminal judgments, the timely administration of death sentences, guarding against a flood of similar claims brought individually by other inmates similarly situated, and ensuring closure for victims and survivors. *See, e.g.*, *Grayson v. King*, ___ F.3d ___, 2006 WL 2382522 (11th Cir. Aug. 18, 2006).

16.     In spite of the Supreme Court's admonishments against frivolous suits, the risk remains that if this Court does not adjudge the constitutionality of the Protocol in all respects, such inmates may abuse 28 U.S.C. § 1983 by filing an action challenging the Protocol on the eve of execution, thereby interfering with the rights of the State and of victims of crime to the timely enforcement of a death sentence. McNair has already filed a § 1983 claim challenging the manner of lethal injection in this state, and the adjudication of that claim, if prolonged, may interfere with the rights of the state and of victims and may result in the unreasonable and unwarranted delay of McNair's execution or the executions of other prisoners on Alabama's death row.

17.     A § 1983 action by Callahan, or others similarly situated, may also result in the unreasonable and unwarranted delay of the filing inmate's execution or the executions of other prisoners on Alabama's death row, particularly if such claims are allowed to be asserted on the eve of execution.

18.     In the interest of judicial economy and to protect the rights of the state and of victims, any question of the constitutionality of Alabama's Confidential Execution Protocol should be resolved fully, finally, and quickly.

19.     The prospect of a flood of lawsuits on the eve of execution is hardly remote. Counter-defendant McNair's claim, which began this action, is one of many that have been filed throughout the country. *See, e.g., Walker v. Johnson*, Civil Action No. 05-0934 (E.D. Va. 2006) (Order dated September 11, 2006, dismissing § 1983 claims). *Flippen v. Beck*, No. 5:06-CT-3062-H (E.D. N.C. 2006); *Taylor v. Crawford,* No. 05-4173-CV-C-FJG (W.D.Mo. June 26, 2006), *remanded*, ___ F.3d ___, 2006 WL 2291150 (8th Cir. August 9, 2006); *Morales v. Hickman*, 415 F.Supp. 2d 1037 (N.D. Cal. 2006); *Smith v. Johnson*, No. 4:06-CV-450, 2006 WL 644424 (S.D. Tex. Feb. 13, 2006), *aff'd*, 440 F.3d 262 (5th Cir. 2006); *Evans v. Saar*, 412 F.Supp.2d 519 (D. Md. 2006); *Rutherford v. Crosby*, No. 4:06-CV-50-MCR, 2006 WL 228883 (N.D. Fla. Jan. 28, 2006), *aff'd*, 438 F.3d 1087 (2006); *Anderson v. Evans*, No. 5:05-CV-0825-F, 2006 WL 83093 (W.D. Okla. Jan 11, 2006); *Ross v. Rell*, 392 F.Supp.2d 224 (D. Conn. 2005); *Beardslee v. Woodford*, No. 5:04-CV-5381-JF, 2005 WL 40073 (N.D. Cal. Jan 7, 2005), *aff'd*, 395 F.3d 1064 (9th Cir. 2005); *Reid v. Johnson*, 333 F.Supp. 2d 543 (E.D. Va. 2004); *Harris v. Johnson*, 323 F.Supp. 2d 797 (S.D. Tex. 2004), *vacated*, 376 F.3d 414 (5th Cir. 2004); *Oken v. Sizer*, 321 F.Supp.2d 658 (D.Md.), *vacated*, 542 U.S. 916 (2004); *Cooper v. Rimmer*, No. 5:04-CV-436-JF, 2004 WL 231325 (N.D. Cal. Feb. 6, 2004), *aff'd*, 379 F.3d 1029 (9th Cir. 2004),

*Bieghler v. Indiana*, 839 N.E.2d 691 (Ind. 2005), *cert. denied*, 126 S.Ct. 1190 (2006); *Abdur'Rahman v. Bredesen*, 181 S.W.3d 292 (Tenn. 2005), *cert. denied*, 126 S.Ct. 2288 (2006).

## Facts – McNair

20.     Willie McNair murdered Ella Foy Riley by cutting her throat with a knife.  In May, 1990, McNair, who occasionally did yard work for Mrs. Riley, went to her house one evening to borrow some money.  When Mrs. Riley came to the door and told McNair she couldn't lend him any money, he plunged his pocketknife into her neck.  When the pocketknife broke in her neck, McNair retrieved another.  McNair then took Mrs. Riley's purse and fled the scene.

21.     After examining the crime scene the following day, Deputy Sheriff James Hatcher went to McNair's residence.  McNair admitted to killing Mrs. Riley, and Deputy Hatcher arrested him.  McNair took Deputy Hatcher to the place where he had deposited the stolen purse and, upon arriving at the police station, gave detailed statements describing the murder.

22.     McNair was tried and convicted of capital murder and on May 20, 1991, and was sentenced to death.  His conviction and sentence were affirmed on direct appeal and his state post-conviction petition was denied.  *See Ex parte McNair*, 653 So. 2d 353 (Ala. 1994), *cert. denied*, 115 S.Ct. 1121 (1995); *McNair v. State*, 706 So. 2d 828 (Ala. Crim. App. 1997), *cert. denied*, 706 So. 2d 828 (Ala. 1997), *cert. denied*, 706 So. 2d 828 (1998).  He is in the custody of the Department, incarcerated on Alabama's Death Row in Holman Prison.

23.     McNair filed a petition for writ of habeas corpus in the District Court for the Middle District of Alabama, Judge Myron H. Thompson presiding.  Although the district court vacated McNair's death sentence and remanded the case to the state court for re-sentencing, the Eleventh Circuit Court of Appeals reversed the District Court and reinstated McNair's death

sentence.  *See McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1828

(April 17, 2006).

**Facts – Callahan**

24.    Callahan abducted Rebecca Howell from a laundromat, raped her, bound her

hands with duct tape, suffocated her, and threw her lifeless body in the Tallaseehatchee Creek.

25.    Callahan was convicted of this capital crime and sentenced to death in the state

courts of Alabama.  His conviction and sentence were upheld on appeal.  He is in the custody of

the Department, incarcerated on Alabama's Death Row in Holman Prison.

26.    Callahan made five separate statements to law enforcement officers.  His

fingerprints were found on duct tape matching that used to bind the victim (the duct tape with the

fingerprints was found outside the laundromat where Howell was abducted.)  Ms. Howell's boots

were found in Callahan's trailer, after Callahan led police to where he had discarded Ms.

Howell's purse.

27.    Callahan's conviction and sentence were affirmed on direct appeal.  *See Callahan

v. State*, 557 So. 2d 1292 (Ala. Crim. App. 1989), *aff'd*, 557 So. 2d 1311 (Ala. 1989), *cert.

denied*, 498 U.S. 881 (1990).

28.    Callahan filed a Rule 32 petition which was denied in state court and affirmed on

appeal.  *See Callahan v. State*, 767 So. 2d 380 (Ala. Crim. App. 1999), *cert. denied*, 767 So. 2d

405 (Ala. 2000).

29.    Callahan then filed a petition for writ of habeas corpus, which was granted in part

in the District Court but denied in all respects on appeal.  *Callahan v. Campbell*, 427 F.3d 897

(11th Cir. 2005).  Callahan's petition for writ of certiorari to the United States Supreme Court is

pending.

## Count I – Declaratory Judgment

30.    Counter-plaintiffs adopt and incorporate the foregoing paragraphs as if set forth fully herein.

31.    Counter-defendants are death row inmates who have been convicted of capital crimes and sentenced to death by lethal injection.

32.    Counter-plaintiffs are those with custody over death row inmates and charged with carrying out their capital sentence.

33.    There is a real, justiciable case or controversy between the Counter-plaintiffs, who claim that Alabama's method of carrying out lethal injection is constitutional in every respect, and Counter-defendants, who have an interest in claiming otherwise and delaying their execution by any means necessary and for as long as possible.

34.    Alabama's Confidential Execution Protocol does not subject death-row inmates to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain and suffering.  It does not call for the use of excessive force, sadistic acts, or malicious intent.  It does not violate basic principles of human dignity or contemporary standards of decency and is not repugnant to the conscience of mankind.  It does not amount to intentional, reckless indifference to acts violating any party's constitutional rights.  The Protocol, or a sentence carried out pursuant to the protocol, does not violate any party's rights under the Eighth or Fourteenth Amendment, and does not violate any other constitutional right.

35.    Any question concerning the constitutionality of Alabama's Confidential Execution Protocol should be decided fully, finally, and quickly, to avoid unnecessary delay and to protect the interest of the people and of victims of crime in carrying out just sentences in a timely manner.

WHEREFORE, Counter-plaintiffs respectfully request that this Court enter a judgment declaring that Alabama's execution protocol does not and will not subject the Counter-defendants to an unnecessary risk of unconstitutional unnecessary, or gratuitous pain and suffering, and request such further and additional relief to which Counter-plaintiffs may be entitled.

### Count II – Declaratory Judgment

36.     Counter-plaintiffs adopt and incorporate the foregoing paragraphs as if set forth fully herein.

37.     Counter-defendants are death row inmates who have been convicted of capital crimes and sentenced to death by lethal injection.

38.     Counter-plaintiffs are those with custody over death row inmates and charged with carrying out their capital sentence.

39.     There is a real, justiciable case or controversy between the Counter-plaintiffs, who claim that Alabama's method of carrying out lethal injection is constitutional in every respect, and Counter-defendants, who have an interest in claiming otherwise and delaying their execution by any means necessary and for as long as possible.

40.     Alabama's Confidential Execution Protocol does not subject death-row inmates to an unnecessary risk of unconstitutional, unnecessary, or gratuitous pain and suffering.  It does not call for the use of excessive force, sadistic acts, or malicious intent.  It does not violate basic principles of human dignity or contemporary standards of decency and is not repugnant to the conscience of mankind.  It does not amount to intentional, reckless indifference to acts violating any party's constitutional rights.  The Protocol, or a sentence carried out pursuant to the protocol,

does not violate any party's rights under the Eighth or Fourteenth Amendment, and does not violate any other constitutional right.

41.    Any question concerning the constitutionality of Alabama's Confidential Execution Protocol should be decided fully, finally, and quickly, to avoid unnecessary delay and to protect the interest of the people and of victims of crime in carrying out just sentences in a timely manner.

WHEREFORE, Defendants / Counter-Plaintiffs respectfully request that this Court enter a judgment declaring that Alabama's Execution Protocol does not and will not violate the Counter-defendants' rights under the Eighth or Fourteenth Amendments to the United States Constitution, and request such further and additional relief to which Counter-plaintiffs may be entitled.

Respectfully submitted,

**TROY KING (KIN047)**
**ATTORNEY GENERAL**
**BY:**

**s/ J. Clayton Crenshaw**
J. Clayton Crenshaw  (CRE007)
Assistant Attorney General

**s/ James W. Davis**
James W. Davis  (DAV103)
Assistant Attorney General

OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email:  ccrenshaw@ago.state.al.us
        jimdavis@ago.state.al.us

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of September, 2006, a copy of the foregoing has

been electronically filed with the Clerk of the Court using the CM/ECF system, which will

electronically send a copy of the same to the following:

Cathleen I. Price
Equal Justice Initiative of Alabama
122 Commerce Street
Montgomery, AL  36104
cprice@eji.org

Randall S. Susskind
Equal Justice Initiative of Alabama
122 Commerce Street
Montgomery, AL  36104
rsusskind@eji.org


OF COUNSEL

**S/ James W. Davis**
James W. Davis  (DAV103)
Assistant Attorney General
office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email:  jimdavis@ago.state.al.us