IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MCNAIR,                )  | |
|        )  | |
|         Plaintiff,          )  | |
|          )  | |
|     v.                        )  | CIVIL ACTION NO. 2:06-cv-695-WKW |
|          )  | [wo] |
|          )  | |
| RICHARD ALLEN, et al.,   )  | |
|          )  | |
|         Defendants.        )  | |

**<u>ORDER</u>**

In this §1983 action by a death row inmate, Plaintiff Willie McNair ("McNair") seeks declaratory and injunctive relief to prevent Richard Allen, Commissioner of the Alabama Department of Corrections, and Grantt Culliver, Warden of the Holman Correctional Facility (collectively "the defendants"), from using Alabama's current lethal injection procedures in his execution. In their responsive pleading, the defendants generally deny that Alabama's lethal injection protocol violates or threatens to violate McNair's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. They decline to provide details concerning Alabama's Confidential Execution Procedures Protocol without the entry of an appropriate protective order.

The defendants also filed a declaratory judgment counterclaim in which they seek a judgment that Alabama's lethal injection protocol is constitutional. The Counterclaim names as counter-defendants McNair and James Harvey Callahan ("Callahan"), another prisoner on Alabama's death row. Joinder of Callahan as a counter-defendant is permissible pursuant to Rules 13(h), 19, and 20 of the Federal Rules of Civil Procedure. In addition to the Counterclaim, the defendants also filed

a Motion to Join Additional Defendant-in-Counterclaim (Doc. # 9). As the Counterclaim accomplishes that which the defendants seek, i.e., Callahan joined as a counter-defendant, the motion is due to be denied as moot. *See Northfield Ins. v. Bender Shipping & Repair Co.*, 122 F.R.D. 30, 32-33 (S.D. Ala. 1988) (holding that "leave of court is not required by the [Federal Rules of Civil Procedure] to join a previous non-party as a counterclaim defendant").

Callahan has since filed a separate action in this court against the Defendants alleging claims identical to McNair's, which has been reassigned to the undersigned judge. (*See* Case No. 2:06-cv-00919). Callahan and McNair are represented by the same counsel. As of the date of this order, no answer has been filed in Callahan's action. However, McNair has answered the Counterclaim in which he asserts that, without knowledge of the execution protocol, he "is unable to make any informed response as to whether joinder of James Harvey Callahan as an additional defendant is appropriate. There is no way to determine at this point whether there is any risk of impairment to either Counter-Defendants's rights by proceeding jointly or independently." Should McNair or Callahan later decide to challenge Callahan's joinder as a counter-defendant, or should the joinder be unnecessary or unjust, the court will address the issue at the appropriate time. *See* Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

In view of the posture of these actions, it is ORDERED that:

1. The defendants/counter-plaintiffs' Motion to Join Additional Defendant-in-Counterclaim (Doc. # 9) is DENIED as MOOT.

2

2. The defendants/counter-plaintiffs shall file a motion for a protective order with a proposed protective order **on or before November 1, 2006.** The plaintiff may reply **on or before November 8, 2006.**

3. A status conference shall be held on **November 16, 2006, at 10:00 a.m.**, in Courtroom 2-E. The parties shall be prepared to argue any pending motions and discuss the issues of joinder and consolidation.

Done this the 25th day of October, 2006.

                                      /s/ W. Keith Watkins
                                     UNITED STATES DISTRICT JUDGE