IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **WILLIE McNAIR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:06-cv-00695-WKW-SRW |
| **RICHARD ALLEN, Commissioner,** | ) |
| **Alabama Department of Corrections,** | ) |
| **And GRANTT CULLIVER, Warden,** | ) |
| **Holman Correctional Facility** | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR PROTECTIVE ORDER

Defendants Richard Allen, in his official capacity as Commissioner of the Alabama Department of Corrections, and Grantt Culliver, in his official capacity as Warden of the Holman Correctional Facility ("Defendants"), who are also counter-plaintiffs in this action, respectfully move this Court for a Protective Order with respect to confidential documents and information that may be at issue in this litigation. In support of this Motion, Defendants state as follows:

1.  Plaintiff, a death-row inmate, filed this action pursuant to 42 U.S.C. § 1983, claiming that the procedures used by the State of Alabama in the administration of capital punishment by lethal injection are unconstitutional. Defendants deny Plaintiff's claim and have asserted a counter-claim to request a judgment declaring that the said procedures do not violate plaintiff's rights.

2.  The Alabama Department of Corrections, the State of Alabama, and the Defendants (collectively, "the State"), have a vital and compelling interest in protecting the confidentiality of the procedures and all aspects of the manner of enforcing a death sentence in Alabama.

3. To the extent Plaintiff is allowed to inquire into the identity or qualifications of persons who participate in the enforcement of death sentences, the State has a vital and compelling interest in protecting the confidentiality of such information, and such persons have privacy interests in any information that may be used to identify them.

4. To protect such confidentiality, Defendants request that this Court enter a protective order that will govern how such information or documents can and cannot be used and disclosed. Defendants request that the Protective Order prohibit any disclosure that does not comply with such Order; that it prohibit any disclosure to the Plaintiff in this action; and that it require that wherever disclosure is permitted, such as to counsel of record or retained experts, that such persons sign an affidavit expressing knowledge of the Order and an agreement to comply with the Order. Further, in light of the electronic filing requirements that govern other actions in this Court, Defendants request that the Order address how the parties should file pleadings or exhibits into the court, where pleadings or exhibits contain confidential information.

5. Defendants propose an order, attached hereto as Exhibit A, for the Court's consideration.

Respectfully submitted,

**TROY KING (KIN047)**
**ATTORNEY GENERAL**
**BY:**


**s/ J. Clayton Crenshaw**
J. Clayton Crenshaw  (CRE007)
Assistant Attorney General

**s/ James W. Davis**
James W. Davis  (DAV103)
Assistant Attorney General

OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: jimdavis@ago.state.al.us

## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of November, 2006, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

Cathleen I. Price
Equal Justice Initiative of Alabama
122 Commerce Street
Montgomery, AL  36104
cprice@eji.org

Randall S. Susskind
Equal Justice Initiative of Alabama
122 Commerce Street
Montgomery, AL  36104
rsusskind@eji.org

**s/ James W. Davis**
James W. Davis  (DAV103)
Assistant Attorney General
office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email:  jimdavis@ago.state.al.us

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIE McNAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:06-cv-00695-WKW-SRW |
| RICHARD ALLEN, Commissioner, | ) |
| Alabama Department of Corrections, | ) |
| And GRANTT CULLIVER, Warden, | ) |
| Holman Correctional Facility | ) |
| | ) |
| Defendants. | ) |

**<u>PROTECTIVE ORDER</u>**

IT IS HEREBY ORDERED:

This matter concerns the constitutionality of the procedures used in executions by lethal injection by the State of Alabama and its relevant agencies. The Court finds that the State and its relevant agencies have a compelling interest in preserving the confidentiality of such procedures and other information related to such procedures. This Order ("Protective Order") shall govern the use and dissemination of all material or information designated as Confidential produced within this action.

    1.    The following information, documents, or other tangible items, if produced in this action, are and shall be "Confidential" without further action by this Court and whether or not so designated by the producing party (such matters are not made admissible or discoverable by inclusion within this Order; rather, the parties have reserved all arguments related to admissibility and discoverability). All such items are hereinafter referred to as "Confidential Information" and shall include the following:

    a.    The written execution procedures of the State of Alabama, the Alabama Department of Corrections, or any other relevant state agency or subdivision (hereinafter "the State"), and any drafts or amendments to such documents;

    b.    The current or past procedures used by the State to carry out executions by lethal injection including without limitation the chemicals used in such procedures, the manner of administering such chemicals, and the identity or qualifications of persons who monitor or carry out execution procedures;

    c.    Any record describing any past or current procedure used in executions;

    d.    The identity of any individual who has, or is expected to, participate in any execution, including without limitation such person's name, address, training, credentials, qualifications, and experience;

    e.    Any data, records, or documents related to any execution conducted by the State;

    f.    All testimony, expert opinions, or expert reports that quote, or include specific information about, the information or documents described in this paragraph or any subsection thereof;

    g.    All testimony or documents referring to the State's procedures with respect to Death Row inmates which identify or discuss security procedures, security personnel, or pre-execution schedules; and

    h.    Any other document or information not specifically listed herein but which contains, discusses, reveals, or refers to the specific manner of enforcing a death sentence in this State.

    2.    The State shall use its best efforts to identify any document or other tangible item that is subject to this Order by stamping or marking the protected material as follows:

    CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Such markings shall be made on the face of the original or photocopy of the document, information, or other tangible item, and upon each page so designated if practicable. The inadvertent failure to mark such document, information, or other tangible item shall not be a waiver of its confidentiality and shall not relieve any party or covered person from his or its obligations under this Order.

    3.    Confidential Information shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to:

    a.    This Court and its personnel;

    b.    Counsel of record in this litigation, provided that prior to disclosure, such Counsel shall execute the Affidavit attached hereto as Exhibit A or shall either represent to the Court on the record, or advise the Court in writing, that he or she has read this Order, understands it, and is bound by its terms;

  c. Up to two staff persons employed by Counsel of record, provided that prior to disclosure, each staff person having access to Confidential Information shall execute the Affidavit attached hereto as Exhibit A; and

  d. Any Expert who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance; provided that Counsel for the party contemplating such disclosure shall determine that (i) disclosure to an Expert of particular Confidential Information is, in that counsel's good faith judgment, necessary to that party's prosecution of the case; (ii) counsel has formed a good faith belief that the individual has not previously violated any confidentiality agreement or order and is not likely to violate the terms of this Order. Prior to disclosure, each such expert must execute the Affidavit annexed hereto as Exhibit A.

 4. No person subject to this Order may disclose Confidential Information to any person not qualified under Paragraph 3 of this Order, <u>including parties to this action</u>. If a party wishes to disclose any material designated as Confidential to any person not described in Paragraph 3 of this Order, permission to so disclose must be requested from the State in writing, directed to counsel of record for the State in this litigation, and such permission if given must be in writing from the State or its counsel. The person to whom such Confidential Information is shown must execute the Affidavit annexed hereto as Exhibit A prior to such disclosure.

 5. Where any Confidential Information or material summarizing, reciting, containing, or reflecting Confidential Information is included in any papers filed with the Court or in a deposition, such papers or depositions shall be marked in words that in substance state "CONFIDENTIAL -- PROTECTIVE ORDER" and be placed in a sealed envelope marked with the caption of the case and held under seal in accordance with the local rules and practices of this Court for such pleadings and documents. Such envelope shall contain a statement substantially in the following form:

  THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS CASE. IT IS NOT TO BE OPENED, NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

 A copy of this Protective Order shall be submitted to the Clerk of the Court with the materials filed under seal. Unless otherwise ordered by the Court, appropriate steps shall be taken to preserve the confidentiality of Confidential Information during this action and at any hearing or other proceedings at which confidential information may be referred to or disclosed.

For purposes of this action, and to the extent a matter to be filed in court contains Confidential Information, the parties are not obligated to comply with the electronic filing rules of this Court to the extent such rules are inconsistent with this Order.

6. If any deposition is taken in this case, the transcript or recording of such deposition is subject to this Order and shall be treated as Confidential Information.

7. No one may attend, or review the transcripts or recordings of, any deposition taken in this case, other than the court reporter (who shall first have executed the Affidavit annexed hereto as Exhibit A), counsel of record, counsel for the State, the deponent, and counsel for the deponent (provided deponent and deponent's counsel have previously executed the Affidavit annexed hereto as Exhibit A), except that an expert who is qualified under Paragraph 3(d) of this Order and who has executed the Affidavit annexed hereto as Exhibit A may review the transcript of such deposition.

8. Unless otherwise ordered by the Court, any presentation of Confidential Information orally in Court prior to trial shall be made in the presence of only the presiding judicial authority and court staff, and such persons qualified under Paragraph 3 above who have previously executed the Affidavit annexed hereto as Exhibit A.

9. Confidential Information covered by this Order shall be used by counsel and other persons qualified under Paragraph 3 above for the sole purpose of representing the parties to this lawsuit, with respect to the claims in this lawsuit, and for no other purpose.

10. All Confidential Information and copies or extracts thereof shall be maintained in the custody of counsel of record for the parties in a manner that limits access to qualified persons.

11. Except to the extent expressly authorized in this Order, no party to this action receiving Confidential Information shall use or disclose it for any purpose other than the preparation for trial, pretrial proceedings, and trial of this case and/or any appeal therefrom.

12. In the event that any copy, notes, summary, or compilation contains Confidential Information, or any electronic image or database contains Confidential Information, such Confidential portion(s) shall be subject to the terms of this Order to the same extent as the material or information from which such copy, summary, compilation, electronic image, notes, or database was made or derived.

13. Inadvertent failure either to designate any information pursuant to this Order or to assert a claim of privilege and/or work-product immunity shall not constitute a waiver of any otherwise valid claim for protection.

14. Nothing in this Protective Order shall be deemed to restrict in any manner the use by the State of any information in its own documents and materials.

15. If another court or administrative agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Protective Order, such party shall, at least 7 days before the date given to respond to the subpoena or order, notify the State of the pendency of the subpoena or order in writing, and shall not produce the Confidential Information until the State has had reasonable time to take appropriate steps to protect the material.

16. This Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court.

17. Counsel for the party obtaining the person's signature on an Affidavit pursuant to this Order will retain the original signed Affidavit. If there is a claimed violation of this Protective Order, the party that claims the violation may apply to the Court to review the Affidavits signed pursuant to this Order in the possession of Counsel who has retained any original signed Affidavit and written record kept pursuant to this Order.

18. This Protective Order is intended to provide a mechanism for the handling of Confidential Information. It shall not be deemed to be a waiver by any of the parties of any objections to admissibility, relevancy, materiality, or discoverability, nor a waiver of any right or protection otherwise afforded by the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

19. This Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind this Order notwithstanding the termination of this action.

20. Within 10 days after conclusion of this action, all documents and materials containing Confidential Information (other than exhibits to the official court record), and all copies thereof, shall be returned to the State or, at the sole option of the State, destroyed. Counsel for any party or third party receiving Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for the State within 30 days after the conclusion of this action.

Done this ____ day of _____, 2006.

_____
WILLIAM KEITH WATKINS
United States District Judge

# EXHIBIT "A"

## AFFIDAVIT

I have reviewed the Protective Order approved by the United States District Court for the Middle District of Alabama on the ____ day of _____, 2006, in Docket Nos. _____, and agree to be bound by the terms and conditions of such Order.

_____
Signature

Name: _____

Residence Address: _____

Employer or Firm: _____

Business Address: _____

Party: _____

Date: _____

SWORN AND SUBSCRIBED this ____ day of _____, 20___.

_____
Notary Public

My Commission Expires _____