IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIE MCNAIR, | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No. 2:06-cv-695-WKW |
| v. | * |
| | * |
| RICHARD ALLEN, et al., | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S RESPONSES TO
DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER,
FOR CONSOLIDATION, AND FOR A SPEEDY HEARING**

Plaintiff Willie McNair respectfully submits the following in response to Defendants' Motion for Protective Order, and Defendant's Motion to Consolidate and for Speedy Hearing.

**I.    Response to Motion for Protective Order.**

Defendants have moved this Court to adopt its proposed protective order which attempts to shield *every* aspect of this litigation from the public view, from all but two staff personnel associated with undersigned counsel, and from the named plaintiff himself. Despite the extraordinarily sweeping nature of its proposed order, the Defendants made no arguments in support of it. They have not provided citation to any statute, rule, or case, nor have they provided any argument as to *why* such blanket secrecy is necessary.

The only thing the Defendants have offered is their mere assertions that the State has a "vital and compelling interest" in protecting the confidentiality of people who participate in executions, and that these public officials have "privacy interests" in information that identifies them. *Defendants' Motion for Protective Order*, p. 2.

Such an assertion is not enough to overcome the general rule that legal proceedings are open. See Farnsworth v. Proctor & Gamble, 758 F.2d 1545, 1546-7 (11th Cir. 1985) ("The law's basic presumption is that the public is entitled to every person's evidence."); see also Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002) ("What happens in the halls of government is presumptively public business.") (quoting Union Oil Co. of California v. Leavell, 220 F.3d 562, 568 (7th Cir.2000)).

More importantly, a mere assertion is not adequate to satisfy the requirement of "good cause" under Rule 26(c) of the Federal Rules of Civil Procedure, the rule which governs this issue.[1]  See In re Alexander Grant and Co., 820 F.2d 352, 356 (11th Cir. 1987) ("the sole criterion for determining the validity of a protective order

---

[1] Another problem with the proposed protective order is that it contemplates making *everything* about the execution process secret, including "written execution procedures," the "chemicals used," the "manner of administering such chemicals," and "[a]ny data, records, or documents related to any execution." *Proposed Protective Order*, pp. 1-2. The Defendants' assertion about the need to protect the "identity" of people involved in the execution process is not a justification for making non-personnel related information secret.

is the statutory requirement of 'good cause.'").

Without any arguments offered in support of the Defendants' request for confidentiality, Plaintiff's position is that, at this point, it would be inappropriate to order blanket secrecy in this case and, accordingly, inappropriate to adopt the extensive and burdensome protective order the Defendants have proposed. It is possible that some kind of protective order would be appropriate in this case, but that decision should be based on a consideration of the factors courts have identified as being relevant in determining whether good cause exists: 1) the severity and the likelihood of the perceived harm; 2) the precision with which the order is drawn; 3) the availability of a less onerous alternative; and 4) the duration of the order. See In re Alexander Grant and Co., 820 F.2d 352, 356 (11th Cir. 1987). In addition, the Eleventh Circuit has required a "balancing of interests." Farnsworth v. Proctor & Gamble Co., 758 F. 2d 1545, 1547 (1985).

Plaintiff is certainly amenable to joint development of a protective order regarding confidentiality with respect to those facts for which there is a demonstrable State need for secrecy. Indeed, Rule 26(c) expressly contemplates an attempt by the parties to work toward a protective agreement without court involvement. Undersigned counsel intends to discuss the issue of protective order with opposing counsel prior to the status conference that is scheduled for November 28, 2006, at

which point arguments can be presented to the Court about issue on which the parties are unable to reach agreement.

II.  **Response to Defendants' Motion for Consolidation and for Speedy Hearing.**

Plaintiff has no opposition to consolidation with James Callahan's case, recognizes the State's concern for an expeditious review of the issues in this case, and does not oppose a fair time line for resolving them. A reasonable time in which to complete discovery, though, is appropriate. The issues are complicated and scientific, will necessarily require the assistance of medical experts, and will likely involve significant legal and factual disputes. More importantly, the issues are unquestionably important. Constitutional questions about whether the State's current method for carrying out the most severe punishment in our legal system are worthy of this Court's careful consideration and should be decided with no undue haste. The claims in this case should be resolved expeditiously and fairly, after adequate discovery of the facts surrounding the issues, and after those facts have been thoroughly analyzed and carefully presented to the Court.

Pursuant to this Court's Order dated November 2, 2006, we will confer with the State to develop and hopefully agree upon a joint Rule 26(f) discovery plan, and we will be prepared to discuss these issue at the status conference scheduled for

November 28, 2006.

        Respectfully submitted,

        s/Randall S. Susskind
        Randall Susskind (SUS002)

        s/Cathleen I. Price
        Cathleen I. Price (PRI056)

        Equal Justice Initiative of Alabama
        122 Commerce Street
        Montgomery, AL  36104
        (334) 269-1803
        rsusskind@eji.org
        cprice@eji.org

        Counsel for Plaintiff Willie McNair

CERTIFICATE OF SERVICE

I certify that on November 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: J. Clayton Crenshaw and James W. Davis.

        s/ Randall S. Susskind
        Randall S. Susskind (SUS002)
        Equal Justice Initiative of Alabama
        122 Commerce Street
        Montgomery, AL 36104
        (334) 269-1803
        (334) 269-1806
        rsusskind@eji.org

        Counsel for Plaintiff Willie McNair