IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MCNAIR, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-695-WKW |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |
| _____ ) | |
| ) | |
| JAMES CALLAHAN, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-919-WKW |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

**ORDER**

A status conference was held in these cases on November 28, 2006. The court addressed three issues with the parties: joinder and consolidation, a proposed scheduling order, and a proposed protective order.

Prior to the initiation of the *Callahan* lawsuit, the defendants[1] in *McNair* filed a counterclaim for declaratory judgment against both Willie McNair and James Callahan. The parties now agree that the joinder of James Callahan in *McNair* is unnecessary in light of the *Callahan* lawsuit, in which the defendants also filed a counterclaim for declaratory judgment against James Callahan.

---

[1] For the sake of convenience, the court will refer to the defendants/counter-plaintiffs as the "defendants."

Accordingly, pursuant to Rule 21 of the Federal Rules of Civil Procedure, it is ORDERED that James Callahan be removed as a Counter-Defendant in *McNair v. Allen*, Case No. 2:06-cv-695.

The defendants filed a Motion to Consolidate and for Speedy Hearing in *McNair* (Doc. # 15), seeking consolidation of *McNair* and *Callahan*. The plaintiffs are not opposed to consolidation. The cases share common questions of law and fact, identical defendants, and much of the same evidence. Accordingly, pursuant to Rule 42 of the Federal Rules of Civil Procedure, it is ORDERED that the motion, to the extent it seeks consolidation, is GRANTED. The above-referenced cases are consolidated for all purposes until further order of the court. The lead case shall be *McNair v. Allen, et al.*, Case No. 2:06-cv-00695. The Clerk of the Court is DIRECTED to docket this Order in the above-referenced cases.

In light of the representations of the parties, to the extent that the defendants' motion (Doc. # 15) seeks a speedy hearing, it is ORDERED that the motion is DENIED as MOOT. A separate scheduling order, reflecting the parties' suggested dates and deadlines, will be entered.

The defendants also filed a Motion for Protective Order (Doc. # 16). Although the plaintiffs challenge the defendants to show "good cause" for such a protective order, they have been amenable to the joint development of a proposed protective order regarding the confidentiality of certain information in the execution protocol. Indeed, the parties represented that they have reached an agreement on most items and will be able to soon file the proposed protective order with the court. Therefore, it is ORDERED that the parties shall jointly file a proposed protective order **on or before December 5, 2006.**

It is further ORDERED that, within ten days of the court's entry of a protective order, the defendants shall file an amended answer and counterclaim. In their amended answer, the defendants

shall admit or deny each averment, or otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of each averment, rather than invoking the confidentiality of the execution protocol. The defendants shall also file a copy of the execution protocol when they file their amended answer. To the extent that the execution protocol, in full or in part, is confidential pursuant to the terms of the proposed protective order, the defendants shall file the document under seal in accordance with the procedure set forth in the proposed protective order.

It is further ORDERED that, within ten days of the filing of the amended answer, the plaintiffs shall file a reply to the amended counterclaim. The reply shall fully address each and every averment made in the counterclaim, particularly those averments related to jurisdiction in paragraphs 33 and 39 in *McNair*.

Done this 28th day of November, 2006.

                                          /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE