IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MCNAIR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:06-cv-695-WKW |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |
| | ) |
| JAMES CALLAHAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:06-cv-919-WKW |
| | ) |
| RICHARD ALLEN , et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' MOTION FOR SUMMARY DISMISSAL BASED ON THE DOCTRINE OF LACHES**

The defendants contend that the plaintiffs' claims are due to be dismissed based on the doctrine of laches. A claim is barred by the doctrine of laches if the following three elements are present: "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." Kason Indus., Inc. v. Component hardware Group, Inc., 120 F.3d 1199, 1203 (11th

Cir. 1997).  The first two elements are met here for the reasons stated in defendants' earlier filings: Plaintiffs knew or should have known of his claim in 2002 when his sentence changed to lethal injection by operation of law. Doc. 43 at 3-7, Doc. 48 at 4.  The plaintiffs could have asserted their claims much earlier and there is no excuse for their having failed to do so.  See Docs. 43, 48.

The unreasonable delay has likewise caused defendants undue prejudice.  The unreasonable delay by the plaintiffs in filing their lethal-injection challenge impacts the State of Alabama's ability to carry out the duly-adjudicated sentences in these cases.  The plaintiffs' unreasonable delay in filing their lethal-injection challenge is inconsistent with the Supreme Court's holding that "[b]oth the State and the victims of crime have an important interest in the timely enforcement of a sentence."  Hill v. McDonough, 547 U.S. __, __, 126 S.Ct. 2096, 2104 (2006).  Alabama has a strong interest in proceeding with the judgment that Callahan and McNair be executed for the capital murders for which they were convicted.  The Supreme Court has recognized that in weighing equitable considerations, a court "must take into

consideration the State's strong interest in proceeding with its judgments and … attempts at manipulation." <u>Nelson v. Campbell</u>, 541 U.S. 637, 649, 124 S.Ct. 2117 (2004)(quotation omitted). Alabama has a "significant interest in meting out a sentence of death in a timely fashion." <u>Id.</u> at 644.

Similarly, the public has an interest in seeing Callahan and McNair held accountable for their crimes. Callahan brutally kidnapped, raped, and murdered Becky Howell over 26 years ago, and it has been approximately 19 years ago since Callahan was sentenced to death. <u>Callahan v. Campbell</u>, 427 F.3d 897, 903-04 (11th Cir. 2005). McNair brutally murdered and robbed Ella Foy Riley over 17 years ago, and it has been approximately 13 years ago since McNair was sentenced to death. <u>McNair v. Campbell</u>, 416 F.3d 1291, 1296 (11th Cir. 2005).

Thus, the State and the victims of plaintiffs' crimes have a recognized and powerful interest in the timely enforcement of the plaintiffs' duly-adjudicated sentences. This interest is impeded, and thus prejudice is caused, by the plaintiffs' unreasonable delay in filing their lethal-injection challenge. In addition, because of the

3

plaintiffs' unreasonable delay, the defendants suffer prejudice because of being forced to choose whether to delay even further in moving for an execution date, or procuring such a date and engaging in the inevitable, and expensive, litigation surrounding a motion for a stay of execution.

Thus, the plaintiffs' claims are time-barred whether the appropriate analysis is the statute of limitations or the doctrine of laches. The defendants adopt and incorporate Docs. 43 and 48, and the exhibits thereto, as if set forth fully herein.

>                 Respectfully submitted,
>
>                 **TROY KING (KIN047)**
>                 **ATTORNEY GENERAL**
>                 **BY:**
>
>                 **s/ J. Clayton Crenshaw**
>                 J. Clayton Crenshaw  (CRE007)
>                 Assistant Attorney General
>
>                 **s/ James W. Davis**
>                 James W. Davis  (DAV103)
>                 Assistant Attorney General

OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: ccrenshaw@ago.state.al.us
       jimdavis@ago.state.al.us

**CERTIFICATE OF SERVICE**

This is to certify that on the 24th day of April, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

Stephanie L. Cohen, Esq.
Vincent R. Fitzpatrick, Jr., Esq.
Heather K. McDevitt, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

Randall Susskind, Esq.
Cathleen Price, Esq.
Equal Justice Initiative of Alabama
122 Commerce Street
Montgomery, AL  36104


OF COUNSEL

**S/ J. Clayton Crenshaw**
J. Clayton Crenshaw  (CRE007)
Assistant Attorney General
office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: ccrenshaw@ago.state.al.us

5