IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WILLIE MCNAIR, ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-695-WKW |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
|     Defendants/Counter-Plaintiffs. ) | |
| ) | |
| JAMES CALLAHAN, ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-919-WKW |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
|     Defendants/Counter-Plaintiffs. ) | |

**JOINT MOTION FOR AMENDED AGREED CONFIDENTIALITY ORDER**

PLEASE TAKE NOTICE that Plaintiffs and Defendants in the above-titled action, by their attorneys, jointly move this Court for entry of an Amended Confidentiality Order. In support of this Motion, the parties state the following:

1. Undersigned counsel for Defendants and undersigned co-counsel White & Case LLP for Plaintiff Willie McNair have recently litigated similar actions in the Middle District of Alabama, Jones v. Allen, No. 2:06-cv-986-MHT-TFM (M.D. Ala. filed Nov. 1, 2006) before the Honorable Myron H. Thompson, and Grayson v. Allen, No. 2:06-cv-01032-WKW-CSC (M.D. Ala. filed Nov. 17, 2006) before the Honorable W. Keith Watkins.

2. The parties in the <u>Jones</u> and <u>Grayson</u> actions were subject to an Agreed Confidentiality Order similar to the one entered by this Court on December 12, 2006, which provides, <u>inter alia</u>, for the filing of documents designated as confidential under seal.

3. Given the number of documents and pleadings to be filed under seal in <u>Jones</u>, the Clerk's office conferred with Judge Thompson and suggested alternative means for filing under seal by e-mail, as detailed in the attached Proposed Amended Confidentiality Order, to expedite the filing of sealed documents.

4. In brief, the procedures call for filing documents under seal by e-mail addressed to [EFile_Transcript@almd.uscourts.gov](mailto:EFile_Transcript@almd.uscourts.gov), including the case number and name in the subject line, as well as an explanation that the documents included in the e-mail are confidential and should be filed under seal. The parties are to attach all documents that they wish to file to the e-mail with proper electronic signatures and appropriate certificates of service, and may "serve" others in the action by copying them on the e-mail. The Clerk's office then prints the documents and immediately places them under seal; their entry is noted on the electronic docket but access to them cannot be obtained via that electronic docket.

5. These alternative procedures for filing under seal were adopted in both the <u>Jones</u> and <u>Grayson</u> actions.

6. The parties in this action wish to conform to the procedures created by the Clerk's office for filing documents under seal in the present action in order to expedite the process of filing under seal.

7. Nothing in this motion is intended to prevent a party from using conventional means to file under seal.

WHEREFORE, the parties move this Court for entry of the attached Proposed Amended Agreed Confidentiality Order and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

Date:  June 25, 2007

| | |
|---|---|
| /s/ Heather K. McDevitt | /s/ James W. Davis |
| VINCENT R. FITZPATRICK, JR.<br>HEATHER K. MCDEVITT<br>STEPHANIE COHEN<br>Bar Numbers (SDNY):<br>VF2907; HM9973; SM7006<br>Counsel for Plaintiff Willie McNair | TROY KING (KIN047)<br>Attorney General<br>J. CLAYTON CRENSHAW (CRE007)<br>Assistant Attorney General<br>JAMES W. DAVIS (DAV103)<br>Assistant Attorney General<br>JASPER B. ROBERTS, JR. |
| White & Case LLP<br>1155 Avenue of the Americas<br>New York, NY  10036<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>vfitzpatrick@whitecase.com<br>hmcdevitt@whitecase.com<br>stephcohen@whitecase.com | Assistant Attorney General<br>COREY L. MAZE<br>Assistant Attorney General<br>Counsel for Defendants<br><br>Office of the Attorney General<br>11 South Union Street<br>Montgomery, AL  36130<br>Telephone: (334) 242-7300<br>Facsimile: (334) 353-8440 |
| - and - | ccrenshaw@ago.state.al.us<br>jimdavis@ago.state.al.us |
| RANDALL S. SUSSKIND (SUS002)<br>CATHLEEN I. PRICE (PRI056)<br>Counsel for Plaintiffs Willie McNair<br>and James Callahan | jroberts@ago.state.al.us<br>cmaze@ago.state.al.us |
| Equal Justice Initiative of Alabama<br>122 Commerce Street<br>Montgomery, AL  36104<br>Telephone: (334) 269-1803<br>Facsimile: (334) 269-1806<br>rsusskind@eji.org<br>cprice@eji.org | |

**CERTIFICATE OF SERVICE**

I certify that on June 25, 2007, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  J. Clayton Crenshaw, James W. Davis, Jasper B. Roberts, Jr. and Corey L. Maze.

  /s/ Stephanie Cohen
Stephanie Cohen
Bar Number (SDNY): SM7006
Counsel for Plaintiff

White & Case LLP
1155 Avenue of the Americas
New York, NY  10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
stephcohen@whitecase.com

**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| WILLIE MCNAIR,                                          ) | |
|     Plaintiff/Counter-Defendant,  ) | |
| v.  ) | Case No. 2:06-cv-695-WKW |
| RICHARD ALLEN, et al.,  ) | |
|     Defendants/Counter-Plaintiffs.  ) | |
| _____ | |
| JAMES CALLAHAN,  ) | |
|     Plaintiff/Counter-Defendant,  ) | |
| v.  ) | Case No. 2:06-cv-919-WKW |
| RICHARD ALLEN, et al.,  ) | |
|     Defendants/Counter-Plaintiffs.  ) | |

**PROPOSED AMENDED AGREED CONFIDENTIALITY ORDER**

The parties to this Action, by and through their respective counsel, have agreed and stipulated to the entry of this Amended Agreed Confidentiality Order, subject to the approval of the Court, as set forth below:

1.  This Amended Agreed Confidentiality Order between undersigned Plaintiffs and Defendants covers the use of confidential material (as defined below) ("Confidential Material") of any kind produced in discovery by the parties to this litigation and by third parties (collectively, the "Producing Party").

1

2.      All material ("Material") produced in this Action is deemed Confidential Material and may not be disclosed to persons other than those specified in paragraph 7, provided such Material is designated as Confidential Material by the party producing it in accordance with provisions of this Amended Agreed Confidentiality Order.

3.      The provisions of this Order extend to all Confidential Material regardless of the manner or form in which it is disclosed, including but not limited to documents, interrogatory responses, responses to requests for admissions, deposition transcripts, deposition exhibits, testimony and any other materials produced by a party in response to or in connection with any discovery conducted in this litigation, and to any copies, notes, abstracts, summaries, analyses, demonstrative exhibits or other documents that reflect information contained in the foregoing materials.

4.      The designation of Confidential Material for the purposes of this Amended Agreed Confidentiality Order shall be made by plainly marking the Material, or where that is not possible, by marking a container or tag, with the legend "CONFIDENTIAL."  In the case of depositions or other pretrial testimony, the parties shall designate the Confidential Material:  (i) by a statement on the record by counsel for the Producing Party at the time of such disclosure; or (ii) by written notice, sent by counsel for the Producing Party to all counsel of record for the parties to this Action within fifteen (15) business days after receipt of the transcript of the deposition.  All transcripts (including exhibits) shall be considered Confidential Material and shall be subject to this Amended Agreed Confidentiality Order until expiration of such fifteen (15) day period.  The court reporter shall be instructed to mark each designated page as

"CONFIDENTIAL" and the cover page of any transcript containing Confidential Material shall indicate that the transcript contains such Confidential Material. Whenever any Confidential Material is to be discussed or disclosed in a deposition, the Producing Party may exclude from the room any person who is not entitled to receive such information. The parties further agree that they can arrange for the review of potentially Confidential Material prior to designation without waiver of any claim to confidentiality. After such Material is reviewed, the Producing Party may designate copies of the Material requested Confidential as appropriate before providing copies to the receiving party ("Receiving Party").

5. The inadvertent or unintentional failure to designate specific Material as Confidential Material shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidentiality as to such Material. In the event that information is provided under this Order, whether in written or oral form, without any designation of confidentiality, such information may be designated as Confidential Material within ten (10) days of the discovery by the Producing Party that such information should have been so designated and, effective upon receipt of written or oral notice thereof, shall be treated as Confidential by all parties as though such information had been so designated when originally provided, except to the extent that such information already has been disclosed to individuals who otherwise would not have been entitled to have access to the information. Those individuals shall be notified by the Receiving Party immediately, and thereafter, shall treat the Confidential Material as confidential pursuant to this Amended Agreed Confidentiality Order. If the Producing Party decides to add a designation to any document previously produced without designation, or to delete the designation on any

document previously produced, the Producing Party shall produce to the parties substitute copies of such documents bearing the desired designation within fifteen (15) days of re-designation. The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the Producing Party the previously produced documents in their possession and all copies thereof.

      6.      Should any person inadvertently disclose Confidential Material to a court or to a person other than those persons described in paragraph 8, and should such inadvertent disclosure be material, counsel for the party responsible for the inadvertent disclosure shall immediately notify the Producing Party of the inadvertent disclosure, including the identification of all persons who inadvertently received the Confidential Material, take reasonable steps to insure the return of the Confidential Material and all copies thereof and advise such persons that such information and its use are governed by this Amended Agreed Confidentiality Order.  Nothing in this paragraph shall prohibit the Producing Party from taking any further action it deems necessary to protect its Confidential Material or seek redress for the inadvertent disclosure thereof.

      7.      Confidential Material may be shown only to:  (a) counsel of record; (b) parties' experts, consultants and investigators; (c) up to 10 (ten) staff persons assisting counsel of record, including, but not limited to, secretaries, photocopying personnel and legal assistants; (d) actual or proposed witnesses with the exception of plaintiff; (e) the Court and court personnel; and (f) any other person who the Producing Party agrees in writing, or who the Court directs, may have access to the Confidential Material.  Each person (with the exception of those specified in (a),

and (e)) who is permitted to see confidential documents must sign the form attached hereto as **Exhibit A** agreeing to be bound by the provisions of this Order. All signed acknowledgements must be maintained in the files of counsel disclosing such Confidential Material.

      8.      If any person receiving Confidential Material covered by this Amended Agreed Confidentiality Order is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Material which was produced or designated as Confidential Material by any Producing Party, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Producing Party, and shall, to the extent permitted by law, withhold production of the subpoenaed Confidential Material until any dispute relating to the production of such Confidential Material is resolved.

      9.      In the event a party wishes to use any Confidential Material, or any papers containing or making reference to the contents of such Confidential Material, in any pleading or document filed with the Court in this litigation, such pleading or document and Confidential Material shall be filed under seal, until such time as the Court orders otherwise or denies permission to file under seal, and such Confidential Material, information or papers shall plainly state on the first page of any bound or stapled document "Confidential – Filed Under Seal" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this Action and a statement substantially in the following form:

CONFIDENTIAL

    This envelope contains documents that are subject to an Amended Agreed Confidentiality Order entered by the Court in this Action.

5

> This envelope shall neither be opened nor the contents revealed except by Order of the Court.

10.     To expedite the filing of sealed documents with the court in this litigation, and in light of the "e-file" system's inability to directly accept sealed documents, parties may file sealed documents in this case via e-mail. In the event a party wishes to do so, such pleading or document containing Confidential Material shall be sent via e-mail to EFile_Transcript@almd.uscourts.gov. Any party utilizing this method shall include the case number, case name and the words "Confidential – Filed Under Seal" in the subject line of the e-mail. Such party shall electronically "attach" to this e-mail any document(s) it wishes to file, in Adobe Acrobat pdf file type and formatted as if such document was directly e-filed. Such party shall also include with any such email a proper electronic signature (i.e. /s/ John Doe) and appropriate certificate of service. Such party may also "serve" this document on other Allen parties by carbon copying them on any such email. After a party sends any such email to the e-mail address provided, the party shall notify the court of such action by calling (334) 954-3600. The caller shall ask for Charlene Campbell, and if Ms. Campbell is not available (and in lieu of leaving a message on Ms. Campbell's voicemail), shall ask for Debbie Yates, and then Yvonne Goodloe. Any party utilizing this method shall send any such email and call the court by 3:30 p.m. Central Time in order for any attached document to be considered filed on that day. Should a party require more time, it shall notify the court by calling the above number as soon as it learns of such requirement. It is within the court's discretion to determine whether any document filed by this method after 3:30 p.m. Central Time will be considered filed on that day. The clerks of the court will forward to the judges any documents filed by this method, and will

docket any attached documents as sealed documents. A brief and basic entry will subsequently appear on the public record, but the documents will be sealed from viewing. Any party utilizing this method will receive a notice of electronic filing ("NEF") indicating that the document was filed, but will be unable to access the document. The NEF will serve as a party's receipt and "proof" of electronic filing. Any party utilizing this method shall not send the clerk's office a follow-up paper document.

      11.    The parties agree to follow in an expeditious manner any additional procedures imposed by the Court as a prerequisite to filing any document under seal.

      12.    If a party believes that a document designated "Confidential Material" does not warrant such designation, the Receiving Party shall raise the matter with the Producing Party. The parties shall engage in a good faith effort to resolve the dispute. It is the contemplation of this Order that a document will be designated "Confidential Material" only when legitimately called for and that the parties will employ their utmost efforts to resolve disputes and avoid presenting the Court with disputes unless truly necessary.

      13.    Nothing in this Order shall prevent disclosure of any Confidential Material by the Producing Party to any employee or officer of the Producing Party or to any person no longer affiliated with the Producing Party, who either authored, in whole or in part, or received the Confidential Material prior to the initiation of this Action.

      14.    Within sixty (60) days of the termination of this Action, all Confidential Material supplied by any Producing Party, including all copies, extracts and summaries thereof, shall be returned to the Producing Party or shall be certified to have been destroyed. Notwithstanding the

foregoing, counsel may retain an archival copy of any pleading and/or attorney work product that contains Confidential Material. Such archival documents shall be retained and treated in accordance with the terms of this Amended Agreed Confidentiality Order.

15. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not: (a) confidential; (b) privileged; (c) relevant; (d) material to any issue or otherwise discoverable; (e) authentic; or (f) admissible in evidence at trial.

16. The terms of this Amended Agreed Confidentiality Order shall survive and remain in full force and effect through the course of and after the final termination of this Action. The Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Material that is disclosed hereunder.

17. Each party may execute this Amended Agreed Confidentiality Order separately by counterpart.

DONE this __ day of _____ 2007

_____
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| VINCENT R. FITZPATRICK, JR. <br> HEATHER K. MCDEVITT <br> STEPHANIE COHEN <br> Bar Numbers (SDNY): VF2907; HM9973; SM7006 <br><br> White & Case LLP <br> 1155 Avenue of the Americas <br> New York, NY 10036 <br> Telephone: (212) 819-8200 <br> Facsimile: (212) 354-8113 <br> vfitzpatrick@whitecase.com <br> hmcdevitt@whitecase.com <br> stephcohen@whitecase.com <br><br> *Attorneys for Plaintiff Willie McNair* <br><br> - and - <br><br> RANDALL S. SUSSKIND (SUS 002) <br> CATHLEEN I. PRICE (PRI056) <br><br> Equal Justice Initiative of Alabama <br> 122 Commerce Street <br> Montgomery, AL 36104 <br> T: 334/269-1803 <br> F: 334/269-1806 <br> rsusskind@eji.org <br> cprice@eji.org <br><br> *Attorneys for Plaintiffs Willie McNair and James Callahan* <br><br><br> By _/s/ Heather K. McDevitt_____ | TROY KING (KIN047) <br> Attorney General <br> J. CLAYTON CRENSHAW (CRE007) <br> Assistant Attorney General <br> JAMES W. DAVIS (DAV103) <br> Assistant Attorney General <br> JASPER B. ROBERTS, JR. <br> Assistant Attorney General <br> COREY L. MAZE <br> Assistant Attorney General <br><br> Office of the Attorney General <br> 11 South Union Street <br> Montgomery, AL 36130 <br> T: 334/242-7300 <br> F: 334/353-8440 <br> ccrenshaw@ago.state.al.us <br> jimdavis@ago.state.al.us <br> jroberts@ago.state.al.us <br><br> *Attorneys for Defendants* <br><br> By __/s/ James W. Davis_____ |

**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| WILLIE MCNAIR, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-695-WKW |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |
| _____ | ) | |
| | ) | |
| JAMES CALLAHAN, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-919-WKW |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## **EXHIBIT A**

    I hereby certify my understanding that material designated "Confidential Material" is being provided to me pursuant to the terms and restrictions of the "Amended Agreed Confidentiality Order." I have read and understand the terms of the Order and agree to be bound by it, and submit to the jurisdiction of the United States District Court for the Middle District of Alabama for the purposes of enforcement of the Order.


    Date:_____

    Signature:_____