IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE MCNAIR, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-695-WKW |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |
| _____ | ) | |
| | ) | |
| JAMES CALLAHAN, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-919-WKW |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## <u>ORDER</u>

Before the court is the defendants' objection (Doc. # 72) to the Magistrate Judge's June 22,

2007 order ("protective order") (Doc. # 70) resolving the defendants' motion for a protective order.

The defendants object to the protective order because it allows in-person depositions of RN, EMT-1,

EMT-2, DOC-1, and DOC-2. The defendants request that the protective order be overruled in part

and modified to require (1) no deposition of RN; (2) no depositions of the EMTs, but rather written

deposition questions or, in the alternative, depositions by telephone; (3) no in-person depositions

of DOC-1 and DOC-2, but rather depositions by telephone; and (4) clarification that none of the

deposed witnesses be identified by name, date of birth, etc.[1]  Having considered the minutes of the hearing conducted by the Magistrate Judge and the content of the protective order, as well as the arguments of counsel for the defendants, the court concludes that the objections are due to be overruled and that a clarification is in order.

The defendants have a valid interest at this time in protecting the identity of the members of the execution team and the persons who trained them.  The protective order is clarified so as to preclude the inquiry on the record into information that, if disclosed, might reasonably be used to specifically identify the witness.  RN and any witness testifying as a member of the execution team shall testify in such a manner as to preserve their anonymity.  The plaintiffs shall require the court reporter for any such deposition to execute an acknowledgment by which he or she agrees to be bound by the confidentiality order entered in this case.  The protective order is not otherwise modified or clarified, and the objections (Doc. # 72) are OVERRULED.[2]

The court is not unmindful of potential for abuse of these witnesses by repetitive depositions in similar cases.  The parties' Amended Agreed Confidentiality Order provides for all confidential material, which includes deposition transcripts, to be either returned or destroyed after the termination of this action. (Doc. # 74 ¶ 14.)  This provision is amended to the extent that the defendant Commissioner of the Department of Corrections (the "Commissioner") shall be the custodian of the transcripts of the depositions of RN, EMT-1, EMT-2, DOC-1, and DOC-2.  If warranted, in light of the unique circumstances of each case and under appropriate confidentiality

---

[1]  It appears that RN and the EMTs are not employees of the Department of Corrections and that DOC-1 and DOC-2 are Department of Corrections employees who are also members of the execution team.  RN trained at least one member of the execution team but is not a member of the team.

[2]  The protective order is neither clearly erroneous nor contrary to law.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

orders, the Commissioner may allow these deposition transcripts to be copied to plaintiffs' counsel in similar cases.

It is so ORDERED.

DONE this 29th day of June, 2007.

_____/s/   W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE