IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 07-13103-P

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2007
THOMAS K. KAHN
CLERK

IN RE:

RICHARD F. ALLEN,
Commissioner, Alabama Department of Corrections,
in his individual and official capacity,

GRANTT CULLIVER,
Warden, Holman Correctional Facility,
in his individual and official capacity,

Petitioners.

Appeal from the United States District Court
for the Middle District of Alabama

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

BY THE COURT:

The State's petition for a writ of mandamus is DENIED. The primary concern expressed by the State is for protection of the identities of the witnesses to be deposed (individuals who participate in or help prepare for executions). The

district court acknowledged the legitimacy of that concern. We agree. However, on the limited district court record provided to us, we cannot conclude that the State has demonstrated a clear and indisputable right to have the depositions conducted only by telephone, especially in light of the district court's express willingness to assist the parties in ensuring that the identities of the witnesses remain anonymous and protected. The only specific deficiency in the district court's protective order suggested in the State's argument to us is that someone not bound by the protective order might learn the location of the place of the depositions and photograph and disseminate a picture of a witness. However, we construe the protective order — which prohibits the plaintiff's attorneys from "disclos[ing] any identifying information to anyone" — to include a prohibition against disclosing any identifying information, including the location of the depositions. Thus, the confidentiality of the location of the depositions is protected by the district court's order, on pain of contempt proceedings. Moreover, we note that the order vests in the State the responsibility of designating the location of the depositions, thus enabling the State to assure the confidentiality of the witnesses' access thereto. Indeed, the district court's order states that its "protective order is clarified so as to preclude the inquiry on the record into information that, if disclosed, might reasonably be used to specifically identify the witness. RN and

2

any witness testifying as a member of the execution team shall testify in such a manner as to preserve their anonymity."

TJOFLAT, Circuit Judge, specially concurring:

I would deny the petition for a writ of mandamus because petitioners have not shown that the district court abused the wide discretion afforded it in fashioning protective orders under Federal Rule of Civil Procedure 26(c). That rule authorizes the district court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue influence or expense." Among the conditions Rule 26(c) authorizes the court to impose regarding the taking of a deposition are those the court fashioned in this case. Because the court obviously acted well within its discretion - after giving due consideration to petitioners' concerns - I would deny the petition without elaboration - mindful of the fact that we are not sitting as an appellate panel reviewing the trial judge's exercise of discretion.