## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE MCNAIR, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-695-WKW |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |
| _____ | ) | |
| JAMES CALLAHAN, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-919-WKW |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER FILED ON AUGUST 23, 2007

Plaintiffs Willie McNair and James Callahan respectfully submit this opposition to Defendants' Objection to Magistrate Judge's Order Filed on August 23, 2007 (the "Order", Doc. 86) denying Defendants' motion to compel responses to certain interrogatories (the "Motion", Doc. 78) (the "Objection", Doc. 88).

The issue addressed by the Order is whether the Defendants can compel the Plaintiffs to "describe how they contend the [execution] procedures must be fixed [to meet constitutional standards." Order, Doc. 86 at 2. As Judge Coody noted, in response to Defendants' Interrogatory No. 3, Plaintiffs set out in detail their contentions regarding the deficiencies in

Alabama's method of execution by lethal injection.  *Id*.  Although Defendants contend that

Plaintiffs should be required to specify how Alabama's execution protocol must be "fixed" in

order that Defendants can better defend themselves, the Defendants improperly seek to require

Plaintiffs to speculate concerning hypothetical execution procedures and practices not employed

by Alabama.  This is an improper use of interrogatories under Federal Rule of Civil Procedure

("F.R.C.P.") 33.  *See* Plaintiffs' Opposition, Doc. 83 at 3-4.  Moreover, "the law is clear that

identifying an alternative, constitutional method of execution is not an essential element of a

capital litigant's § 1983 claim."  Order, Doc. 86 at 2 (citing *Hill v. McDonough*, 126 S.Ct. 2096,

2103 (2006).  Specifying how the protocol must be "fixed" is not an obligation of Plaintiffs.  It

would be as if a plaintiff in a product liability case were asked how a non-defective product

could be designed.  Obviously that is inappropriate, and the same demand is inappropriate here.

When a state decides to execute people, that state, and not the people the state intends to kill, has

the responsibility of devising a method that is not cruel and unusual.  *See* Order, Doc. 86 at 3

("the principles of federalism and comity as well as prudential concerns dictate that the

defendants be given the initial opportunity to develop a remedy.").

     As the issue currently before this Court already has been the subject of full briefing with

a few minor exceptions that are addressed below, Plaintiffs rely on the arguments set forth in

their Opposition to the Motion (Doc. 83), and upon the rationale set forth in Magistrate Judge

Coody's Order (Doc. 86).

## ARGUMENT

### I.    THE MAGISTRATE JUDGE'S ORDER IS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO LAW

     Pursuant to 28 U.S.C. § 636(b)(1)(A), "[a] judge of the court may reconsider any pretrial

matter under this subparagraph (A) where it has been shown that the magistrate judge's order is

clearly erroneous or contrary to law." Such standard is not met here. Magistrate Judge Coody is highly experienced in dealing with discovery disputes and has entered an order that is legally well-founded.

F.R.C.P. 33 requires that the contentions or legal opinions of an interrogate relate or apply to a *fact. Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D.C. Cir. 1989). Here, Defendants seek to require Plaintiffs to *speculate* concerning a constitutionally compliant execution protocol. Thus the responses sought by Defendants do not concern relevant facts; they concern speculation and conjecture. Federal discovery rules are broad but they are not without limit, and this is an improper use of interrogatories under F.R.C.P. 33. *See* Plaintiffs' detailed argument on the scope of F.R.C.P. 33 in their Opposition, Doc. 83 at 3-4. In these circumstances, there is no basis for this Court to overturn Judge Coody's Order.

## II.    DEFENDANTS' NEW ARGUMENT ABOUT AN IMPROPER SUCCESSIVE HABEAS PETITION IS BASELESS

In a last-ditch attempt to buttress their Motion, the Defendants assert a new ground for compelling Plaintiffs' responses: "if the only procedures that plaintiffs would agree to be constitutional are so onerous that no State could possibly adopt them, that would tend to show that plaintiffs' real purpose is to block their execution, and this would support defendants' argument that the claim is in essence an improper successive habeas petition." Objection, Doc. 88 at 2. Defendants similarly argue that "the plaintiffs' failure to suggest an alteration to Alabama's execution procedures . . . turns the lethal-injection claim into a challenge against the sentence, a claim which sounds in habeas." *Id.* at 2-3.

Judge Coody has in effect disposed of Defendants' arguments. Defendants moved to compel Plaintiffs to spell out what they contend would be a constitutional method of execution, despite the fact that Plaintiffs have set forth their contentions as to the flaws in the current

method in great detail.  Judge Coody flatly rejected the Motion, holding that Plaintiffs were not

required to set forth such a contention at least at this time.  Judge Coody also observed that,

"[t]he law is clear that identifying an alternative, constitutional method of execution is not an

essential element of a capital litigant's § 1983 claim.  Order, Doc. 86 at 2, citing *Hill v.

McDonough*, 126 S. Ct. 2096, 2103 (2006).

Plaintiffs do not contend that it is impossible to devise a constitutional method of

execution by lethal injection.  Plaintiffs challenge the circumstances of their sentences (§ 1983

claims), and not the sentences themselves (habeas claims).  Thus there is absolutely no basis for

treating Plaintiffs' § 1983 actions—explicitly authorized by the Supreme Court in *Hill*—as

habeas petitions (an argument specifically rejected by the Supreme Court in *Hill*).  As Judge

Coody held, it is for Defendants to propose a constitutional method and, of course, the Court

may have something to say about it.  There is nothing to be gained from, and it is improper

discovery to seek, Plaintiffs' opinions on the subject.

## CONCLUSION

Plaintiffs respectfully request that the Court affirm Judge Coody's Order and deny

Defendants' Objection.

Date:   September 10, 2007

/s/ Vincent R. FitzPatrick, Jr.
VINCENT R. FITZPATRICK, JR.
HEATHER K. MCDEVITT
STEPHANIE COHEN
Bar Numbers (SDNY):
VF2907; HM9973; SM7006
Counsel for Plaintiff Willie McNair

White & Case LLP
1155 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
vfitzpatrick@whitecase.com
hmcdevitt@whitecase.com
stephcohen@whitecase.com

- and -

RANDALL S. SUSSKIND (SUS002)
CATHLEEN I. PRICE (PRI056)
Counsel for Plaintiffs Willie McNair
and James Callahan

Equal Justice Initiative of Alabama
122 Commerce Street
Montgomery, AL  36104
Telephone: (334) 269-1803
Facsimile: (334) 269-1806
rsusskind@eji.org
cprice@eji.org

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on September 10, 2007, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: J. Clayton Crenshaw, James W. Davis, Corey Maze and Jasper Roberts.

 /s/ Stephanie Cohen
STEPHANIE COHEN
Bar Number (SDNY): SM7006
Counsel for Plaintiff Willie McNair

White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
stephcohen@whitecase.com