# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-cv-695-WKW-CSC |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JAMES CALLAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-cv-919-WKW-CSC |
| | ) | |
| RICHARD ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO QUASH SUBPOENAS
## DIRECTED TO EMT-1 AND EMT-2

The defendants hereby request this Court quash the subpoenas requiring EMT-1 and EMT-2 to appear at the trial in the above-styled case on October 3, 2007. See Fed. R. Civ. P. 45(c)(3)(outlining the situations in which a court "shall quash or modify [a] subpoena"). In support of its request, the defendants offer the following:

1. The plaintiffs issued subpoenas requiring both EMT-1 and EMT-2 to appear before this Court in Montgomery at 9:00 a.m. on October 3, 2007. (Exh. A, B) The purpose of these subpoenas is to compel both EMT-1 and EMT-2 to testify during the trial in the above-styled case. (*Id.*) These subpoenas should be quashed under two provisions of Rule 45(c)(3).[1]

2. *Rule 45(c)(3)(A)(ii) – 100 mile rule*: Under Rule 45(c)(3)(A)(ii), this Court "shall quash or modify" a subpoena if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business."

3. Neither EMT-1 nor EMT-2 live in this district, nor do they live and/or work within 100 miles of this Court. EMT-1 testified during his/her deposition that EMT-1 will not be within 100 miles of Montgomery on October 3, 2007; in fact, EMT-1 will be on a previously planned cruise in the Caribbean. (EMT-1 deposition at p. 47).[2] EMT-2 likewise testified that he/she will not be within 100 miles of

---

[1] Plaintiffs also issued subpoenas to Warden Culliver, DOC-1, DOC-2, and RN. With respect to DOC-1, DOC-2, and RN, plaintiffs represented that they have no present intention to call those persons to testify in court. Defendants therefore will not move to quash the subpoenas to DOC-1, DOC-2, or RN at this time. If plaintiffs later decide to seek to enforce those subpoenas, defendants respectfully reserve the right to file motions to quash at that time.

[2] The deposition of EMT-1 is attached as Exhibit 4 to the Declaration of Vincent Fitzpatrick, which was submitted by the Plaintiffs in opposition to Defendants' Motion for Summary Judgment. The deposition of EMT-2 is attached as Exhibit 23 to the same declaration. In this motion, the Defendants will cite directly to the page numbers in their depositions.

2

Montgomery during the week of the trial in this case. (EMT-2 deposition at p. 28)

    4.    Neither EMT-1 nor EMT-2 is a party, or an officer of a party, in this case. Neither EMT-1 nor EMT-2 is employed by the Alabama Department of Corrections (or any other branch of state government). Instead, EMT-1 and EMT-2 are individuals who work for private organizations as trained EMT paramedics. (EMT-1 deposition at p. 8; EMT-2 deposition at p. 8)

    5.    Because EMT-1 and EMT-2 are non-party, private citizens that will be forced to travel over 100 miles to appear in this Court on October 3, 2007, this Court should quash their subpoenas under Rule 45(c)(3)(A)(ii).

    6.    Furthermore, the plaintiffs cannot force the conditional appearance of EMT-1 or EMT-2 under the exception outlined in Rule 45(c)(3)(B)(iii), which allows this Court to order the conditional appearance of otherwise exempt non-party witnesses if the plaintiffs show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship." The issue in this case with regard to EMT-1 and EMT-2 is whether each person is qualified to insert the IV line during an execution. The plaintiffs had the full opportunity to question EMT-1 and EMT-2 on this issue during their depositions. Both EMT-1 and EMT-2 testified that they had more than 20 years experience initiating IV lines as EMT's and that they had the appropriate certifications; thus, both are qualified to insert IV lines. (EMT-1 deposition at p. 8; EMT-2 deposition at p. 8) If the plaintiffs disputed this fact, they

had the opportunity to ask any follow-up question they wanted during the EMT's depositions. To force EMT-1 and EMT-2 to answer the same or similar questions a second time is unnecessary/abusive, and the plaintiffs have failed to show "a substantial need" to question EMT-1 and EMT-2 a second time. Fed. R. Civ. P. 45(c)(3)(B)(iii).

7. Plaintiffs purported reason to call the EMTs is that a part of their deposition testimony is alleged to be "incredible." Doc. 89 at 18-19; Doc. 90 at 12-13; Fitzpatrick's oral statement to the court during pre-trial conference. The plaintiffs' only specific allegation to support this conclusion is that EMT-1's testimony that he/she takes "five to ten minutes" to establish an IV line is undermined by information contained in three execution logs and two autopsy reports. Doc. 89 at 18-19; Doc. 90 at 12-13. The plaintiffs assert that these execution logs indicate that it took 18 minutes, 22 minutes, and 29 minutes to install the IV lines for those executions. Id. The plaintiffs contend that two autopsy reports indicate one inmate received seven IV puncture marks and another had eleven IV puncture marks.3  Id.

8. The reasons offered by the plaintiffs to require the EMTs to testify should be rejected by this Court. First, the plaintiffs had the execution logs and autopsy reports when they questioned the EMTs and should have asked questions concerning

---

3 None of these allegations, even if true, establish a constitutional violation.

4

those reports. Second, the information contained in the execution logs and EMT-1's testimony that it took him/her "five to ten minutes" to install an IV line is not inconsistent. The execution logs are not indicating when the EMTs attempted to gain IV access, rather they are indicating when the EMTs initially come into the execution chamber and begin the process of loading their supplies onto a cart. Thus, the reason given by the plaintiffs to require in-court testimony from the EMTs is implausible. This Court should quash their subpoenas.

9.  *Rule 45(c)(3)(A)(iv) – "Undue Burden" rule*: Rule 45(c)(3)(A)(iv) requires this Court to quash or modify a subpoena if the subpoena "subjects a person to undue burden." Forcing EMT-1 and EMT-2 to appear in this Court on October 3, 2007 subjects both persons to an "undue burden" for at least two reasons.

10. First, as outlined above, both EMT-1 and EMT-2 live and work over 100 miles away from Montgomery. In fact, EMT-1 will be on a cruise in the Caribbean on October 3, 2007 on a previously planned vacation. (EMT-1 deposition at p. 47) EMT-2 will be at work over 100 miles away on that date. (EMT-2 deposition at p. 28) It is an undue burden to force EMT-1 to cancel his/her previously planned trip, and to force EMT-2 to miss work and travel over 100 miles, to appear before this Court to give testimony similar to the testimony they have already given in a deposition.

5

11.  Second, and perhaps more importantly, forcing EMT-1 and EMT-2 to appear in this Court places an undue burden on their significant privacy interests. EMT-1 and EMT-2 are individuals who are contracted by the Department of Corrections to assist in executions. As this Court has acknowledged, these individuals have a significant interest in remaining anonymous with regard to their connection with executions. Forcing EMT-1 and EMT-2 to appear at trial would hinder their valid interest in remaining anonymous, and it would likely defeat the whole purpose of having them previously submit to protected depositions. Again, EMT-1 and EMT-2 have testified during depositions concerning their connections to the Plaintiff's pending executions, and it would be an undue burden to force them to publicly appear in this Court to give the same (or similar) testimony a second time.

12.  In short, the Plaintiffs have had a full and fair opportunity to question EMT-1 and EMT-2 regarding the issues before this Court. This Court has their depositions to review when deciding this case. There is no valid reason to force these non-party, private citizens to 1) travel over 100 miles and 2) risk losing their anonymity to answer questions that have already been asked or could have already been asked. Subjecting the EMTs to in-court testimony could cause them to forgo future assistance in executions; thus, hindering the defendants' legal obligation to carry out executions. The insufficient reasons given by the plaintiffs to require in-court testimony from the EMTs should be rejected.

For the foregoing reasons, the defendants respectfully request this Court quash the subpoenas directed toward EMT-1 and EMT-2.

    Respectfully submitted,

    Troy King
    Attorney General


    /s/  J. Clayton Crenshaw
    J. Clayton Crenshaw  (CRE007)
    Assistant Attorney General


    /s/  James W. Davis
    James W. Davis  (DAV103)
    Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following: **Stephanie L. Cohen, Vincent R. Fitzpatrick, Jr., Heather K. McDevitt, Randall Susskind, and Cathleen Price.**

/s/ J. Clayton Crenshaw
J. Clayton Crenshaw
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7300 Office
(334) 353-3637 Fax
ccrenshaw@ago.state.al.us
jimdavis@ago.state.al.us

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

FOR THE MIDDLE             DISTRICT OF   ALABAMA (NORTHERN DIVISION)

| Willie McNair | James Callahan | **SUBPOENA IN A CIVIL CASE** |
|---|---|---|
| v. | v. | |
| Richard Allen, et al. | Richard Allen, et al. | Case Number:[1] 2:06-cv-695-WKW<br>2:06-cv-919-WKW |

TO: The Individual Identified as "EMT-1"
   c/o Office of the Attorney General, Alabama State House
   11 South Union Street, Montgomery, Alabama 36130

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>United States District Court for the Middle District of Alabama<br>Frank M. Johnson U.S. Courthouse Complex<br>One Church Street<br>Montgomery, Alabama 36104 | COURTROOM<br>2-E |
|---|---|
| | DATE AND TIME<br>10/03/2007   9:00 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*  ATTORNEY FOR PLAINTIFF McNAIR | DATE<br>09/10/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephanie Cohen, White & Case LLP, 1155 Avenue of the Americas, NY, NY 10036, (212) 819-8200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA (NORTHERN DIVISION)

| Willie McNair | James Callahan | **SUBPOENA IN A CIVIL CASE** |
|---|---|---|
| V. | V. | |
| Richard Allen, et al. | Richard Allen, et al. | Case Number:[1] 2:06-cv-695-WKW<br>2:06-cv-919-WKW |

TO: The Individual Identified as "EMT-2"
   c/o Office of the Attorney General, Alabama State House
   11 South Union Street, Montgomery, Alabama 36130

☒ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>United States District Court for the Middle District of Alabama<br>Frank M. Johnson U.S. Courthouse Complex<br>One Church Street<br>Montgomery, Alabama 36104 | COURTROOM<br>2-E |
|---|---|
| | DATE AND TIME<br>10/03/2007   9:00 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* ATTORNEY FOR PLAINTIFF MCNAIR | DATE<br>09/10/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephanie Cohen, White & Case LLP, 1155 Avenue of the Americas, NY, NY 10036, (212) 819-8200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc
www.FormsWorkflow.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com