IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MCNAIR, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) No. 2:06-cv-00695-WKW-CSC |
| | ) |
| RICHARD ALLEN, Commissioner, Alabama Deparment of Corrections, et al., | ) |
| | ) |
|     Defendants/Counter-Plaintiffs. | ) |
| | |
| JAMES CALLAHAN, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) No. 2:06-cv-00919-WKW-CSC |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|     Defendants/Counter-Plaintiffs. | ) |

**DEFENDANTS' SUPPLEMENTAL BRIEF
IN SUPPORT OF THEIR MOTION TO QUASH SUBPOENAS
ISSUED TO "EMT-1" AND "EMT-2"**

Defendants Richard Allen, Commissioner, and Grantt Culliver, Warden, respectfully submit this supplemental brief in support of their Motion to Quash.

The Court asked the Defendants to confirm that the potential witnesses known as "EMT-1" and "EMT-2" are residents of the State of Alabama. Defendants confirm that the witnesses do, in fact, reside in the State of Alabama. Defendants are informed that the witnesses live within the State but in excess of 120 miles from Montgomery.

1

Defendants have thus shown that both witnesses work (EMT-1 works full time, and EMT-2 works part-time), that both would have at least a 240-mile round trip if summoned to testify, and that these witnesses are not employed by the State. Moreover, EMT-1 will be out of the country during the week of trial.

In considering whether the subpoenas would impose an undue burden on these witnesses, Defendants ask the Court to consider, in addition to what has already been shown, whether there is any legitimate basis to call these witnesses to trial.

There simply is no need for any additional testimony from EMT-1 and EMT-2. Plaintiffs' expert, Dr. Mark Heath, read the deposition testimony from EMT-1 and EMT-2 and confirmed that these witnesses are qualified to establish IV access:

> Q. EMT paramedics as a group, would you agree that they hold the qualifications necessary to establish intravenous access?
>
> A. Yes. That's an essential feature of their professional activity.
>
> Q. You are aware that there are two specific EMT paramedics who perform that role in executions in Alabama, are you not?
>
> A. I am, yes.
>
> Q. If I refer to those two persons as EMT 1 and EMT 2, are you familiar with that designation?
>
> A. Yes.
>
> Q. Do you have any criticisms of EMT 1 or EMT 2 specifically that calls into question their qualifications to establish IV access?
>
> A. I have a few concerns regarding the use of EMTs. They establish IV access, but they leave once they've done that. So once IV access is established, there is no qualified person surveying the IV systems. It's more their absence in the critical part of the procedure than their presence that concerns me.

> That aside, there is nothing about their -- that I know about their professional background that would call into question their ability to meet standards for placing peripheral intravenous lines. . . .
>
> Q. Have you reviewed the depositions of EMT 1 and EMT 2?
>
> A. I have, yes.
>
> Q. . . . [Y]ou do not intend to express an opinion that EMT 1 and EMT 2 are unqualified to establish peripheral IV access; is that correct?
>
> A. . . . I could have concern about EMTs, whether they are okay, ***but these individuals, there is nothing that I see about them that says they should not be establishing IVs in any adult human being.***

Deposition of Dr. Mark Heath, pp. 157-59 (emphasis added).

On this point, Defendants agree with Dr. Heath. EMT-1 and EMT-2 are qualified to establish IV access. Plaintiffs' real complaint is that after establishing IV access, the EMTs do not remain with the inmate to monitor the IV equipment. Moreover, Plaintiffs complain that these EMTs could arguably be replaced with less qualified persons. The EMTs cannot provide any helpful testimony on these points.

Thus, unless Plaintiffs wish to disavow their own expert's testimony, everyone agrees that EMT-1 and EMT-2 are qualified to establish IV access. There is no legitimate reason to subject these witnesses to the burden of personally appearing. With no legitimate need, the burden is, by definition, "undue."

For these reasons, Defendants ask that this Court quash the subpoenas to EMT-1 and EMT-2, and instead to permit these witnesses to testify by deposition.

Respectfully submitted,

                **TROY KING (KIN047)**
                **ATTORNEY GENERAL**
                **BY:**

                              s/ James W. Davis
                              James W. Davis  (DAV103)
                              Assistant Attorney General

                              J. Clayton Crenshaw  (CRE007)
                              Assistant Attorney General

OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email:  ccrenshaw@ago.state.al.us
         jimdavis@ago.state.al.us

**CERTIFICATE OF SERVICE**

This is to certify that on the 26th day of September, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:

Randall S. Susskind
Cathleen I. Price
Equal Justice Initiative of Alabama
122 Commerce Street
Montgomery, AL  36104
cprice@eji.org
rsusskind@eji.org

Vincent R. Fitzpatrick, Jr. (SDNY Bar No. VF2907)
Heather K. Mcdevitt (SDNY Bar No. HM9973)
Stephanie Cohen (SDNY Bar No. SM7006)
White & Case LLP
1155 Avenue of the Americas
New York, NY  10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
vfitzpatrick@whitecase.com
hmcdevitt@whitecase.com
stephcohen@whitecase.com

4

OF COUNSEL

**S/ James W. Davis**
James W. Davis  (DAV103)
Assistant Attorney General
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email:  jimdavis@ago.state.al.us

5