IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:06-cv-695-WKW |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| JAMES CALLAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:06-cv-919-WKW |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' UNOPPOSED MOTION TO FILE EXPERT WITNESS
DEPOSITIONS WITH CLERK'S OFFICE**

The defendants respectfully request that the expert witness depositions of Drs. Mark Heath and Mark Dershwitz be filed with the Clerk's Office of this Court. As good cause to grant this motion, the defendants set forth the following:

1. On December 14, 2007, this Court granted Callahan a stay of his execution scheduled for January 31, 2008. Pursuant to 28 U.S.C. § 1292(a), the defendants intend to

appeal this Court's order.  In their appellate brief, the defendants intend to provide citations to the expert witness depositions.  Although the expert witness depositions have been heavily relied on by the parties and the Court, they are not part of the record because they were emailed directly to the Court.  This Court requested such action because the depositions were taken on the weekend of September 21-23, 2007, and the Court wanted to read the depositions before making rulings on the pending dispositive motions and before the then-scheduled trial date of October 3-5, 2007.  Had the Court not issued such a directive, the defendants would have filed the expert witness depositions as exhibits to their supplemental brief that was filed on September 27, 2007.  See Doc. 125.

2.  There can be no dispute that the Court heavily relied on the expert witness depositions in ruling on the dispositive motions and in granting Callahan's request for a stay of execution.  See Docs. 146, 154.  In its order that <u>inter</u> <u>alia</u> denied the defendants' motion for summary judgment, this Court stated it considered the expert witness depositions.  For example, the Court stated as

2

follows regarding the parties' reliance on the expert witness depositions in briefing the dispositive issues:

> Not only were all participants ready for trial on October 3, but the court had also finalized this opinion ruling on pending dispositive motions. In anticipation of supplemental briefs following the deposition of experts, the court had not yet filed the opinion. The defendants had filed a Motion for Judgment on the Pleadings and Alternative Motion for Summary Judgment Regarding Statute of Limitations (Doc. 43) on March 14, 2007, and a Motion for Summary Dismissal Based on the Doctrine of Laches (Doc. 53) on April 24, 2007. On August 16, 2007, before the completion of discovery, the defendants filed a Motion for Summary Judgment (Doc. 80) on the merits. After the depositions of the parties' experts were taken, the parties supplemented their summary judgment briefing on September 27, 2007. Docs. 125, 126. [Footnote 3 omitted].

Doc. 146 at 6. Later in the order, this Court indicated it relied on the expert witness depositions in denying the summary judgment motion: "…the respective experts are unable to agree on so basic a concept as a working definition of 'consciousness' and further dispute many basic points of the protocol and its alternatives, including the degree of the risk of pain." Doc. 146 at 16 n.14. Likewise, in its order granting Callahan's request for a stay of execution, the Court indicated that it relied

3

on all of the evidence presented at the "summary judgment stage." Doc. 154 at 8 n.9.

3. The defendants will cite to the expert witness depositions in their brief that will be filed in the Eleventh Circuit Court of Appeals. However, the expert witness depositions, although clearly relied on by the parties and the court, were not filed in the Clerk's Office due to the exigencies of the circumstances. The Eleventh Circuit should have available all of the evidence that this Court considered in determining that Callahan was entitled to a stay of execution. Rule 10(a) of the Federal Rules of Appellate Procedure states that "the original papers and exhibits filed in the district court" "constitute the record on appeal." The expert witness depositions fall in this category because they were filed directly with the Court at its directive.

4. Plaintiffs' counsel has been emailed a copy of this motion and has no objection.

WHEREFORE, for the foregoing reasons, the defendants respectfully request this Court direct the Clerk to file

the expert witness depositions that will be provided by the Court.

        Respectfully submitted,

        Troy King (KIN047)
        *Alabama Attorney General*

        ***s/ J. Clayton Crenshaw***
        J. Clayton Crenshaw (CRE007)
        *Assistant Attorney General*

        ***s/ James W. Davis***
        James W. Davis (DAV013)
        *Assistant Attorney General*

        Office of the Attorney General
        Alabama State House
        11 South Union Street
        Montgomery, AL 36130
        Telephone: 334.242.7300
        Fax: 334.353.3637
        ccrenshaw@ago.state.al.us
        jdavis@ago.state.al.us

**CERTIFICATE OF SERVICE**

This is to certify that on the 28th day of December, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:  **Randall S. Susskind, Cathleen I. Price, Vincent R. Fitzpatrick, Jr., Heather K. McDevitt, and Stephanie Cohen**

        **s/ J. Clayton Crenshaw**
        J. Clayton Crenshaw
        Assistant Attorney General
        Office of the Attorney General
        11 South Union Street
        Montgomery, AL 36130
        Telephone:  334.242.7300
        Fax:  334.353.3637
        ccrenshaw@ago.state.al.us

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| WILLIE MCNAIR, | ) |
| | ) |
|    Plaintiff/Counter-Defendant | ) |
| | ) |
| v. | ) No. 2:06-cv-695-WKW |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|    Defendants/Counter-Plaintiffs | ) |
| _____ | ) |
| | ) |
| JAMES CALLAHAN, | ) |
| | ) |
|    Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) No. 2:06-cv-919-WKW |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|    Defendants/Counter-Plaintiffs. | ) |

**ORDER**

For good cause demonstrated, the defendants' motion requesting the Court file the expert witness depositions with the Clerk's Office is GRANTED. Accordingly, the Clerk's Office will file and attach document numbers to the depositions of Drs. Mark Heath and Mark Derswhitz.

DONE this 28th day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE