IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MCNAIR, | ) |
|   Plaintiff/Counter-Defendant, | ) |
| v. | ) No. 2:06-cv-695-WKW |
| RICHARD ALLEN, et al., | ) |
|   Defendants/Counter-Plaintiffs. | ) |
| _____ | ) |
| JAMES CALLAHAN, | ) |
|   Plaintiff/Counter-Defendant, | ) |
| v. | ) No. 2:06-cv-919-WKW |
| RICHARD ALLEN, et al., | ) |
|   Defendants/Counter-Plaintiffs. | ) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Richard Allen, Commissioner, and Grantt Culliver, Warden, move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on grounds that there is no genuine issue of material fact and the defendants are entitled to a judgment as a matter of law. In support of this motion, defendants rely on the Eleventh Circuit's recent decision in McNair v. Allen, __ F.3d __, 2008 WL 227945 (11th Cir. Jan. 29, 2008), that applied for

the first time a statute of limitations to lethal-injection claims such as the one raised by McNair. In support, the defendants state the following grounds.

McNair's complaint is barred by the statute of limitations. Recently in <u>McNair v. Allen</u>, __ F.3d __, 2008 WL 227945, *4 (11th Cir. Jan. 29, 2008), this Court held, as a matter of first impression, that a method of execution claim accrues on the later of the date on which direct appellate review is complete, or the date on which the capital litigant becomes subjected to a new or substantially changed execution protocol. Pursuant to <u>McNair</u>, the statute of limitations on McNair's § 1983 complaint challenging the constitutionality of Alabama's lethal injection protocol expired in 2004, two years after the State of Alabama changed its method of execution to lethal injection.

All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action is brought. <u>Wilson v. Garcia</u>, 471 U.S., 261, 275-76, 105 S.Ct. 1938, 1946-47 (1985). McNair's claim was brought in Alabama, where the governing limitations period

2

is two years. Ala. Code § 6-2-38; Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, McNair was required to bring the claim within two years from the date the limitations period began to run.

The Eleventh Circuit has long held that in § 1983 actions "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987). In Corn v. City of Lauderdale Lakes, 904 F.2d 858, 588 (11th Cir. 1990), the Court held that it is well established that a federal claim accrues when the prospective plaintiff "knows or has reason to know of the injury which is the basis of the action." In applying these principles to method of execution claims under § 1983, McNair put to rest the question of when a prospective plaintiff knows or has reason to know of the injury, holding that the claim accrues on the later of the date on which the state review is complete or the date on which the capital litigant

3

became subject to new or substantially changed execution protocol. McNair, 2008 WL 227945, at 4.

McNair's direct appeal review concluded in 1995, when the United States Supreme Court denied McNair's petition for writ of certiorari. McNair v. Alabama, 513 U.S. 1159, 115 S.Ct. 1121 (1995). Thus, pursuant to McNair, McNair would have been required to file his § 1983 claim prior to 1997, except that the State made a significant change to its method of execution in July 2002. As the Court recognized in Jones v. Allen, 485 F.3d 635, 640 (11th Cir. Apr. 27, 2007), the Alabama legislature changed the State's default method of execution from electrocution to lethal injection in July 2002. Jones, 485 F.3d at 637. When the method of execution changed, death row inmates, including McNair, were given 30 days in which to choose electrocution as the means by which they would prefer to be executed. Ala. Code § 15-18-82.1(2007 Cumulative Supplement). Any inmate who had not selected electrocution by that time would be subject to death by lethal injection. Id. By failing to choose electrocution by July 31, 2002, McNair's default method of execution became lethal injection. Thus, McNair was free to challenge the method of his execution beginning July 31,

2002, by which time the facts which would support a cause of action should have been apparent to any person with a reasonably prudent regard for his rights.  Mullinax, 817 F.2d at 716.  The statute of limitations began to run at that time; therefore, absent a significant change in the state's execution protocol (which did not occur in this case),[1] McNair was required to file his Eighth Amendment challenge by July 31, 2004.

However, McNair tarried, without justification and without excuse, until August 7, 2006, the day that the United States Supreme Court denied his petition for certiorari in his habeas review and approximately five years after July 2002 when Alabama adopted lethal injection as the method of execution before bringing his claim challenging the constitutionality of Alabama's lethal injection protocols.  Thus, pursuant to McNair, McNair's § 1983 complaint challenging the constitutionality of Alabama's lethal injection protocols is barred because the statute of limitations expired in 2004, two years after the

---

[1] Pursuant to McNair, the revision of the consciousness assessment in 2007 did not result in a "significant" change in Alabama's lethal injection protocol. 2008 WL 227945, *8 (11th Cir. Jan. 29, 2008).

5

State of Alabama changed its method of execution to lethal injection.

Accordingly, there is no genuine issue as to any material fact because the defendants are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

## CONCLUSION

For the forgoing reasons, the State respectfully requests that this Court grant its motion for summary judgment.

                        Respectfully submitted,

                        Troy King
                        *Alabama Attorney General*


                        ***s/ J. Clayton Crenshaw***
                        J. Clayton Crenshaw (CRE007)
                        James W. Davis (DAV103)
                        Jasper Roberts (ROB157)
                        Corey L. Maze (MAZ003)
                        *Assistant Attorneys General*

OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: ccrenshaw@ago.state.al.us
      jimdavis@ago.state.al.us
      jroberts@ago.state.al.us
      cmaze@ago.state.al.us

**CERTIFICATE OF SERVICE**

This is to certify that on the 22nd day of February, 2008, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following: **Randall S. Susskind, Cathleen I. Price, Vincent R. Fitzpatrick, Jr., Heather K. McDevitt, and Stephanie Cohen.**

*s/ J. Clayton Crenshaw*
J. Clayton Crenshaw
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Telephone:  334.242.7300
Fax:  334.353.3637
Email: ccrenshaw@ago.state.al.us