IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MCNAIR, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-695-WKW |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |
| _____ ) | |
| JAMES CALLAHAN, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-919-WKW |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

**PLAINTIFF MCNAIR'S OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to this Court's February 26, 2008 Order (Doc. # 166), Plaintiff Willie McNair submits the following Opposition to Defendant's Motion for Summary Judgment (Doc. # 165).

In the wake of a divided Eleventh Circuit panel's reversal of this Court's granting a stay of execution for James Callahan solely on statute of limitations (grounds not raised by the State in its briefing on the stay to this Court and only raised in the Eleventh Circuit) (*see McNair v. Allen*, ___ F.3d ___, 2008 WL 227945 (11th Cir. Jan. 29, 2008)), the State now seeks to dismiss Willie McNair's constitutional challenge to Alabama's current method of execution by lethal injection on the same statute of limitations grounds.

The State's Motion should be denied, or alternatively be held in abeyance pending the outcome of Mr. Callahan's petition for a writ of certiorari in the United States Supreme Court.

The State's Motion fails to reveal pertinent events that occurred subsequent to the Eleventh Circuit's decision in Mr. Callahan's case. Immediately after the Eleventh Circuit's ruling in *Callahan* -- a decision issued less than 48 hours before the execution that had been stayed by this Court for the proceeding seven weeks -- Mr. Callahan moved the United States Supreme Court for a stay of execution pending the timely filing of a petition for a writ of certiorari. Late in the day on January 31, 2008, the Supreme Court granted the stay. *See Callahan v. Allen*, 12 S. Ct. 1138 (Mem.) (Attached as Exhibit A). The Supreme Court's Order stated:

> The application for stay of execution of sentence of death presented to Justice Thomas and by him referred to the Court is granted pending the timely filing and disposition of a petition for a writ of certiorari. Should the petition for a writ of certiorari be denied, this stay shall terminate automatically. In the event the petition for a writ of certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court.

Thus the propriety of the Eleventh Circuit's statute of limitations decision -- one of "first impression" (Motion at 2) and on which the State's renewed effort to dismiss Mr. McNair's case entirely is based -- very soon will be in the hands of the Supreme Court. Undersigned counsel currently are preparing Mr. Callahan's petition for a writ of certiorari and will timely file it on or before April 28, 2008. Thus, the same issue Defendants ask this Court to decide now will be before the Supreme Court on Mr. Callahan's certiorari petition very soon. As such, the prudent course of action for this Court is to deny Defendants' Motion, or alternatively hold it in abeyance until the Supreme Court has ruled on Mr. Callahan's petition for a writ of certiorari.

NEWYORK 6523768 (2K)

In addition, other factors weigh in favor of resisting Defendants' rush to end Mr. McNair's action. As the Court is already aware, the proper standard under the Eighth Amendment by which challenges to execution by lethal injection are adjudicated currently is pending before the Supreme Court. *See Baze v. Rees,* No. 07-5439 (July 11, 2007). In light of this development, the Supreme Court has granted, or refused to vacate, stays of execution in every case post-*Baze* that has raised a lethal injection challenge (except for one case where the condemned was scheduled to be executed the same day as certiorari was granted in *Baze*).[1] While Mr. Callahan does not have a scheduled execution date,[2] it appears that no executions by lethal injection will occur before the Supreme Court acts in *Baze*. The lack of a pending execution date constitutes further reason for judicial prudence under this potentially fluid legal landscape because there is no pressing need to rule on Defendants' Motion before the Supreme Court acts on Mr. Callahan's petition for a writ of certiorari on the statute of limitations issue.

Finally, in its Motion the State attempts to revisit various arguments why a statute of limitations defense is dispositive here. As this Court knows, this issue has been briefed extensively before this Court and all of Defendants' current rearguments were rejected by the Court. *See* this Court's November 16, 2007 Memorandum Opinion and Order (Doc. # 146)

---

[1] *See, e.g., Arthur v. Allen*, No. 07-0342-WSC, 2007 WL 2320069 (S.D. Ala. Aug. 10, 2007), *aff'd* No. 07-13929, 2007 WL 2709942 (11th Cir. Sept. 17, 2007), *stay granted pending disposition of petition for writ of certiorari* 128 S. Ct. 740, No. 07395, 2007 WL 4248619 (Dec. 5, 2007); *Schwab v. Florida*, 128 S. Ct. 644, No. 07A383, 2007 WL 3380059 (Nov. 15, 2007) (stay of execution granted pending disposition of petition for writ of certiorari); *Berry v. Epps*, 128 S. Ct. 531, No. 07-7348 (07A367), 2007 WL 3156229 (Oct. 30, 2007) (same); *Turner v. Texas*, 128 S. Ct. 37, No. 07A272, 2007 WL 2803693 (Sept. 27, 2007) (same); *Emmett v. Johnson*, ___ S. Ct. ___, No. 07A304, 2007 WL 3018923 (Oct. 17, 2007) (stay of execution granted pending final disposition of appeal by the Fourth Circuit or further order of the Court); *Norris v. Jones*, ___ S. Ct. ___, No. 07A311, 2007 WL 2999165 (Oct. 16, 2007) (denying application to vacate a stay granted by the Eighth Circuit). *See also In re Richard*, 128 S.Ct. 37 (Sept. 25, 2007) (denying stay of execution and petitions for writs of habeas corpus and mandamus and/or prohibition). Further, courts in Arizona, Georgia, Nevada, Texas, Delaware and Arkansas all have stayed executions in light of *Baze*, while state officials in Texas and Oklahoma are voluntarily holding off in seeking execution dates. Doc. # 147, at 7-9.

[2] The State filed a motion to set an execution date for Willie McNair with the Alabama Supreme Court on May 15, 2007. To date, the Alabama Supreme Court has not acted upon the State's motion.

3

(denying Defendants' Motion for Summary Judgment in this action); *see also Jones v. Allen, et al.*, 483 F. Supp. 2d 1142, 1153 (M.D. Ala. 2007) (denying Defendants' Motion for Summary Judgment because the Court was "unaware of any case (other than *Cooey*) where the statute of limitations has been used to bar injunctive relief from an injury that has not yet occurred"). As to the substance of the State's arguments on the statute of limitations, we maintain the position that both this Court and Judge Thompson were correct in their analyses rejecting it. We refer to those decisions as constituting the appropriate analysis of the law, and incorporate by reference both of those cited opinions, as well as Mr. McNair's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, September 4, 2007 (Doc. # 89).

WHEREFORE, Plaintiff Willie McNair respectfully requests that the Court deny the Defendants' Motion for Summary Judgment or, in the alternative, hold the Motion in abeyance while the United States Supreme Court considers James Callahan's petition for a writ of certiorari.

Date:   March 17, 2008

    /s/  Heather K. McDevitt
VINCENT R. FITZPATRICK, JR.
HEATHER K. MCDEVITT
Bar Numbers (SDNY):
VF2907; HM9973
Counsel for Plaintiff Willie McNair

White & Case LLP
1155 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
vfitzpatrick@whitecase.com
hmcdevitt@whitecase.com

- and -

4

RANDALL S. SUSSKIND (SUS002)
CATHLEEN I. PRICE (PRI056)
Counsel for Plaintiff Willie McNair

Equal Justice Initiative of Alabama
122 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-1803
Facsimile: (334) 269-1806
rsusskind@eji.org
cprice@eji.org

## **CERTIFICATE OF SERVICE**

I certify that on March 17, 2008, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: J. Clayton Crenshaw, James W. Davis, Corey Maze and Jasper Roberts.

/s/ Peter B. Patterson, Jr.
Peter B. Patterson, Jr.

White & Case LLP
1155 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
ppatterson@whitecase.com

# **EXHIBIT A**

(ORDER LIST: 552 U.S.)

THURSDAY, JANUARY 31, 2008

ORDER IN PENDING CASE

07A630     CALLAHAN, JAMES V. ALLEN, COMM'R, AL DOC, ET AL.

       The application for stay of execution of sentence of death presented to Justice Thomas and by him referred to the Court is granted pending the timely filing and disposition of a petition for a writ of certiorari. Should the petition for a writ of certiorari be denied, this stay shall terminate automatically. In the event the petition for a writ of certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court.