IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE MCNAIR, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) No. 2:06-cv-695-WKW |
| | ) |
| RICHARD ALLEN , et al., | ) |
| | ) |
|     Defendants/Counter-Plaintiffs, | ) |
| _____ | ) |
| | ) |
| JAMES CALLAHAN, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) No. 2:06-cv-919-WKW |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|     Defendants/Counter-Plaintiffs, | ) |

**DEFENDANTS' REPLY TO MCNAIR'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Richard Allen, Commissioner, and Grantt Culliver, Warden, hereby reply to McNair's opposition to the defendants' motion for summary judgment. In support of their previously filed summary judgment motion, see Doc. 165, the defendants primarily relied on the Eleventh Circuit's recent decision in McNair v. Allen, 515 F.3d 1168 (11th Cir. Jan. 29, 2008), that applied for the first time a statute of limitations to lethal-injection claims such as

the one raised by McNair.[1]  McNair's opposition does not offer a substantive response but rather asserts that this Court should hold the defendants' summary judgment motion in abeyance until the United States Supreme Court decides the petition for certiorari that will be filed in McNair on or before April 28, 2008.  See Doc. 168.  The defendants again urge this Court to grant their pending summary judgment motion.

This Court should not hold the defendants' summary judgment motion in abeyance because the Eleventh Circuit's decision in McNair is binding precedent that this Court is required to follow.[2]  The district courts in a circuit owe obedience to a decision of the court of appeals in that circuit and must follow it until the court of appeals overrules it.  Hall v. Humphrey, 155 Fed.Appx. 441, 2005 WL 3078593, *2, n.3 (11th Cir. 2005)(citing United States v.

---

[1] As this Court knows, the McNair decision relates to the denial of James Callahan's request for a stay of execution because his § 1983 lawsuit was filed after the expiration of the statute of limitations. McNair, 515 F.3d at 1172-78.  Because Willie McNair is the lead plaintiff in the case consolidated with James Callahan's, the Eleventh Circuit's decision is styled with the name Willie McNair even though it was deciding Callahan's request for a stay of execution.
[2] The Eleventh Circuit has now joined the Sixth Circuit, which previously ruled that method of execution challenges are subject to a statute of limitations inquiry.  See Cooey v. Strickland, 479 F.3d 412 (6th Cir. 2007), rehearing denied, Cooey v. Strickland, 489 F.3d 775 (6th Cir. 2007).  No other court of appeals has addressed this issue.

Steele, 147 F.3d 1316, 1318 (11th Cir. 1998)).  The Third Circuit has likewise held that "precedents set by higher courts are conclusive on courts lower in the judicial hierarchy 'and leave to the latter no scope for independent judgment or discretion.'"  United States v. Mitlo, 714 F.2d 294, 298 (3d Cir. 1983)(quoting Allegheny General Hospital v. NLRB, 608 F.2d 965 (3d Cir. 1979))(in turn quoting H.C. Black, Law of Judicial Precedents 10 (1912)).  There can no serious argument, and McNair offers none (serious or otherwise), that the Eleventh Circuit's ruling in McNair does not apply with equal force here.  McNair's facile contention that the defendants' summary judgment motion should be denied because this Court has previously rejected the defendants' statute of limitations argument ignores the Eleventh Circuit's decision in McNair that rejected this Court's reasoning.

Although not offering a substantive argument, McNair does state some irrelevant nitpickings.  First, McNair seems to imply that the Eleventh Circuit's decision is not precedent because it was decided by a "divided panel." McNair offers no authority that holds a less than unanimous panel decision is entitled to less respect.  Furthermore,

3

the <u>McNair</u> decision has been issued as the mandate of the Court and is thus a final decision by the Eleventh Circuit. <u>McNair v. Callahan</u>, No. 08-10100 (Feb. 28, 2008). Finally, decisions of the United States Supreme Court, which can be decided on a 5-4 vote, are precedent and are no less the law than a unanimous decision.

Second, McNair contends that the defendants did not properly preserve the statute of limitations issue because it did not mention that defense in its opposition to Callahan's request for a stay of execution. However, McNair's contention ignores the many filings the defendants have made that raised the statute of limitations issue, including their first motion for summary judgment. See Docs. 43, 56, 80, 81, 82, 97, 98, 125. This Court denied that motion for summary judgment and relied on its denial in granting Callahan's stay of execution. Doc. 146; Doc. 154 at 6-7)("The finding of a likelihood of success on the merits is partially grounded in the claim's survival of summary judgment.").

Finally, McNair urges this Court to delay ruling until the United States Supreme Court decides <u>Baze v. Rees</u>, No. 07-5439 (July 11, 2007). Any decision reached in <u>Baze</u> will

4

not have any impact here because, as the Eleventh Circuit has already determined, McNair filed his lethal-injection lawsuit after the expiration of the statute of limitations. Therefore, any ruling on the merits by the Supreme Court in <u>Baze</u> will not affect this case because McNair simply filed his lawsuit too late.

Wherefore, for the foregoing reasons, and for the reasons stated in all of the defendants' filings related to the statute of limitations issue, this Court should rule that McNair filed his lawsuit after the expiration of the statute of limitations.

                                      Respectfully submitted,

                                      Troy King
                                      *Attorney General*

                                      ***s/ J. Clayton Crenshaw***
                                      J. Clayton Crenshaw
                                      *Assistant Attorney General*

**CERTIFICATE OF SERVICE**

This is to certify that on the 20th day of March, 2008, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following: **Randall S. Susskind, Cathleen I. Price, Vincent R. Fitzpatrick, Jr., Heather K. McDevitt, and Stephanie Cohen.**

*s/ J. Clayton Crenshaw*
J. Clayton Crenshaw
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Telephone:  334.242.7300
Fax:  334.353.3637
Email: ccrenshaw@ago.state.al.us